CAMPBELLSVILLE LUMBER CO.

v.

LAWRENCE.

Court of Appeals of Kentucky.

May 21, 1954.

Clyde Williams, Jr., Abel Harding, Campbellsville, for appellant.

L. C. Lawrence, Jamestown, Ralph Hurt, Columbia, for appellee.

STEWART, Judge.

Plaintiff, Campbellsville Lumber Company, sought to enforce contribution by defendant, M. M. Lawrence, to the extent of $1031.09, which is one-half of a judgment and the court costs that resulted in an action against plaintiff by one H. H. Wesley. Plaintiff alleged Wesley was injured in an accident occasioned by the joint negligence of its truck and defendant's automobile. This action was brought pursuant to KRS 412.030, which reads: "Contribution among wrongdoers may be enforced where the wrong is a mere act of negligence and involves no moral turpitude."

Plaintiff's petition as amended set forth these facts: On December 3, 1948; on Kentucky Highway No. 80 in Adair County there was a collision between plaintiff's truck and an automobile owned and operated by defendant. The two vehicles were badly damaged and H. H. Wesley, who at the time of the accident was a guest in the Lawrence automobile, was injured. Thereafter Wesley sued plaintiff in the Adair Circuit Court, charging negligence in the operation of the truck and seeking damages for his personal injuries. At the same time defendant filed an action against plaintiff in the same court for damages to his automobile and to his person growing out of the accident. In defense to these two actions plaintiff filed a traverse to Wesley's petition and an answer and counterclaim to Lawrence's petition. This pleading alleged negligence on the part of Lawrence in the operation of his vehicle and prayed for damages to plaintiff's truck as a con-

sequence of the accident. The issues were made up and the causes were consolidated and tried together.

The trial resulted in a judgment in favor of Wesley against plaintiff for the sum of $2,000, and plaintiff paid Wesley this amount, together with $62.18 court costs. The jury that returned a verdict against plaintiff in behalf of Wesley in the amount just mentioned found for neither defendant on his petition nor for plaintiff on its counterclaim. The judgment that ensued awarded plaintiff its costs against defendant.

A general demurrer, filed to the petition, having been sustained, and plaintiff declining to plead further, a judgment was entered dismissing its cause of action. Plaintiff moves for an appeal.

 In an action such as this, one seeking contribution, pursuant to KRS 412.030, must show that the injury to the person or property, flowing from an accident and giving rise to the claim for damage, was the proximate result of the concurrent negligence of himself and the defendant against whom the right is asserted, and that he has satisfied the claim if it be reduced to judgment or he has made a reasonable settlement of it in a bona fide compromise. See Southeastern Greyhound Lines v. Myers, 288 Ky. 337, 156 S.W.2d 161, 138 A.L.R. 1461; Consolidated Coach Corp. v. Burge, 245 Ky. 631, 54 S.W.2d 16, 85 A.L.R. 1086.

Do the facts set forth in plaintiff's pleadings, which the demurrer admits are true, meet the test laid down in the foregoing rule? Our answer is in the affirmative.

The pleadings, when boiled down to their essence, alleged that Wesley received his injuries in an accident as a direct result of the joint negligence of plaintiff and defendant; that Wesley recovered a judgment for damages in the sum of $2,000 from plaintiff for his injuries in an action against the latter alone; that plaintiff paid this judgment and the court costs of $62.18

on August 1, 1950; and that plaintiff by reason of these facts is entitled to contribution by defendant of one-half of $2,062.18, or $1,031.09, together with legal interest from the date of payment.

We conclude the pleadings stated a good cause of action and the lower court erred in sustaining the demurrer.

Wherefore, the motion for an appeal is sustained, the appeal is granted and the case is reversed and remanded for proceedings consistent with this opinion.