**AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA,**
Plaintiff,

v.

**SOUTH CAROLINA GAS COMPANY,**
a Corporation, Defendant.

**AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA,**
Plaintiff,

v.

**SOUTH CAROLINA GAS COMPANY,**
a Corporation, Defendant.
Civ. Nos. 1593, 1594.

United States District Court,
W. D. South Carolina,
Spartanburg Division.

Sept. 24, 1954.

---

Butler & Chapman, Simpson Hyatt, Spartanburg, S. C., for plaintiff.

A. Ray Godshall, Gaffney, S. C., Perrin, Ward & Perrin, Spartanburg, S. C., for defendant.

WYCHE, Chief Judge.

The above cases are before me upon motions of the plaintiff in each case to strike the second, third, fourth and fifth defenses alleged in the answer in each of the above entitled cases, upon the grounds stated in the motions.

When the motions were called for argument, attorneys for the defendant stated no objection would be interposed to an order striking the third and fourth defenses.

The second defense is a plea of contributory negligence on the part of both the employee and the employer. Plaintiff's counsel in argument admitted that the contributory negligence of the employee was a proper plea but contended that the contributory negligence of the employer could not be properly asserted as a defense or partial defense to this action.

Plaintiff as subrogee brings these actions against the defendant, an alleged third-party tort-feasor, on behalf of itself and the injured parties.

Under the terms of the South Carolina Workmen's Compensation Act, Code 1952, § 72–1 et seq., where an injured employee, covered by the terms of such Act, accepts a compensation award, such acceptance operates as an assignment to the employer of any right to recover damages which the injured employee may have against any other party for such injury, and such employer is subrogated to any such right and may enforce the same in his own name or in the name of the injured employee. The Act, Section 11, Code 1952, § 72–121 et seq. further provides that where the employer is insured against liability for compensation with any insurance carrier, and such insurance carrier shall have paid any compensation for which the employer is liable, it is subrogated to all the rights and duties of the employer, provided, however, the insurance carrier shall have no other or further rights than those existing in the employer at the time of the injury or death to his employee.

The North Carolina Workmen's Compensation Act has the same provision in this regard, North Carolina General Statutes, 97–10, and in construing this statute in Eledge v. Carolina Power & Light Co., 1949, 230 N.C. 584, 55 S.E.2d 179, the Supreme Court of North Carolina, held that contributory negligence on the part of the employer was a proper defense in an action brought against an alleged third-party tort-feasor, and that, if upon the trial, the jury should find that the negligence of the employer contributed to the injury of the employee, the insurance carrier could not recover, and only the excess over and above the amount paid by the insurance carrier, if the amount awarded by the jury should be in excess of that amount, could be collected from the defendant.

In deciding the same question in Lovette v. Lloyd, 1953, 236 N.C. 663, 73 S.E.2d 886, 891, 892, the Court said, "It is contrary to the policy of the law for the employer, or his subrogee, the insurance carrier, to profit by the wrong of the employer."

This particular question has not been passed upon by the South Carolina Supreme Court, but under the terms of the Act it is my opinion that it is proper for the defendant to set up in its answers in each case the defense of contributory negligence of the employee and the employer.

In my opinion the fifth defense alleged in the answers cannot be properly determined upon the pleadings alone, and, therefore, should not now be stricken.

It is, therefore, ordered that the plaintiff's motions to strike the third and fourth defenses in defendant's answer in each case is granted, but its motion to strike the second and fifth defenses in each case is denied.