**KENTUCKY UTILITIES COMPANY et al.,**
Appellants,

v.

**JACKSON COUNTY RURAL ELECTRIC
COOPERATIVE CORPORA-
TION, Appellee.**

Court of Appeals of Kentucky.

Dec. 13, 1968.

Rehearing Denied April 18, 1969.

James Park, Jr., Robert M. Odear, Stoll, Keenon & Park, Lexington, for appellants.

Robert H. Helton, Jr., Brown, Tooms & Helton, London, for appellee.

DAVIS, Commissioner.

In this action appellants (Kentucky Utilities Company and its liability insurance carrier, hereinafter KU) are seeking indemnity against appellee (Jackson County

Rural Electric Cooperative Corporation, hereinafter Jackson) to recoup an outlay of $58,324.26, which appellants expended in settlement of a wrongful-death action prosecuted by the personal representative of Kenneth L. Norris. The trial court entered summary judgment denying the claim on the theory that appellee, as the employer of Norris, is insulated against the claim of appellants by reason of the exclusive-remedy provision of the Workmen's Compensation Act. KRS 342.015(1). We relate the background as gleaned from the pleadings. No proof was heard. The "facts" as recited are subject to later proof.

About 1948 Jackson constructed a distribution line running from its electric transmission line in Clay County. In 1950 KU constructed an electric transmission line which crossed the distribution line of Jackson. At the time KU erected its line, it was so constructed that it was six feet or more above the highest portion of Jackson's line. This margin of safety complied with the standards of the National Electric Safety Code adopted and approved by the Public Service Commission of Kentucky. In 1957, and without notice to KU, Jackson changed the elevation of its line so as to bring it within three feet of KU's line in violation of the safety rules contained in the National Electric Safety Code. This hazardous condition continued unchanged until May 20, 1964, when Jackson sent a crew of its employees, including Norris, to replace a pole near the intersection of the lines. In the course of his duties on that occasion, Norris was electrocuted when contact was made between KU's line and Jackson's line. Both Norris and Jackson had accepted and were working under the provisions of the Workmen's Compensation Act at the time of the accident.

Norris' personal representative filed a common-law wrongful-death action seeking recovery from KU. KU, along with its coappellant liability carrier, settled that suit by payment of $50,000 to Norris' personal representative. The further sum of $8,324.26 was expended by appellants by way of attorneys' fees, court costs, and investigation expenses. The entire theory of recovery as presented by the appellants is that the negligence of KU in failing to inspect, discover, and remedy the hazardous condition created by Jackson was secondary negligence, whereas the negligence of Jackson in creating the hazardous condition was primary negligence. It is reasoned that the primary negligence of Jackson exposed KU to civil liability to the estate of Norris based on KU's secondary negligence, so that KU (and its insurance carrier) are entitled to be made whole by way of indemnity within the precepts announced in Brown Hotel Co. v. Pittsburgh Fuel Co., 311 Ky. 396, 224 S.W.2d 165.

The defense of appellee, accepted by the trial court, is based on KRS 342.015(1) which provides:

"Where at the time of the injury both employer and employe have elected to furnish or accept compensation under the provisions of this chapter for a traumatic personal injury, received by an employe by accident and arising out of and in the course of his employment, or for death resulting from such injury, within two years thereafter, or for disability or death resulting from occupational disease as defined in this chapter, the employer shall be liable to provide and pay compensation under the provisions of this chapter and shall, except as provided in subsection (2) of this section and in KRS 342.170, be released from all other liability."

Our problem is to decide whether Jackson may defeat KU's claim by reason of the language embraced in KRS 342.015(1) in which it is said in pertinent part: " * * the employer shall be liable to provide and pay compensation under the provisions of this chapter and shall, * * * *be released from all other liability*." (Emphasis added.)

Decisions of the courts of other states and various federal circuits are not in har-

mony as to the question before us. We consider that certain aspects of Kentucky law make inapplicable many of the decisions from other jurisdictions where similar laws are not in force.

It seems unquestionable from a review of Brown Hotel Co. v. Pittsburgh Fuel Co., 311 Ky. 396, 224 S.W.2d 165, and the cases discussed in that opinion, as well as from the many cases which have cited and followed it, that the common-law right of indemnity exists in Kentucky. The right to recover indemnity exists in favor of the passively or secondarily negligent party against the actively or primarily negligent party where one of two parties does an act or creates a hazard by which the other party, though not concurrently joining in the act, is thereby exposed to liability to a third party.

Kentucky Constitution, Section 54, provides: "The general assembly shall have no power to limit the amount to be recovered for injuries resulting in death, or for injuries to person or property." It was the mandate of that constitutional provision which invalidated the first Workmen's Compensation Act adopted in Kentucky. See Kentucky State Journal Company v. Workmen's Compensation Board, 161 Ky. 562, 170 S.W. 437, 1166, L.R.A. 1916A 389, Ann.Cas. 1916B, 1273, rehearing denied, 162 Ky. 387, 172 S.W. 674, L.R.A. 1916A 402.

In Happy v. Erwin, Ky., 330 S. W.2d 412, and Ludwig v. Johnson, 243 Ky. 533, 49 S.W.2d 347, this court held that jural rights which had become well established before the adoption of the Constitution are preserved by the Constitution. It seems clear that the common-law right of indemnity is a jural right which existed prior to the adoption of our Constitution and may not be abolished by the General Assembly. It is clear that we should not construe KRS 342.015(1) as intending an unconstitutional result if such a construction may be avoided. George v. Scent, Ky., 346 S.W.2d 784.

Quite apart from the considerations already discussed, we are persuaded that the rationale expounded in the leading case of Westchester Lighting Co. v. Westchester County Small Estates Corporation, 278 N. Y. 175, 15 N.E.2d 567, is sound, and we follow it. There the defendant's employees negligently broke a gas pipe maintained by the plaintiff in a public highway and negligently enclosed the point of fracture within a tile drain laid by them. Gas escaped from the fracture into a nearby building and asphyxiated one Haviland, an employee of the defendant who was working in the course of his employment. Haviland's personal representative obtained a common-law judgment against plaintiff based on plaintiff's failure to make timely discovery of the leaking gas main. The plaintiff sought indemnity against the defendant, Haviland's employer, which interposed as its defense the exclusive-remedy clause of the Workmen's Compensation Act. The exclusive-remedy clause of the Workmen's Compensation act related to claims "on account of" injuries to employees. In rejecting the exclusive-remedy theory, the New York court said in part: "We think this position has no warrant in the text that has been quoted from the statute. Plaintiff does not sue for damages 'on account of' Haviland's death. Plaintiff asserts its own right of recovery for breach of an alleged independent duty or obligation owed to it by the defendant." Id. 15 N.E.2d at 568.

In 2 Larson's Workmen's Compensation Law, Section 76.30, it is written: "The third party may recover over against the employer whenever it can be said that the employer breached an independent duty toward the third party and thus acquired an obligation to indemnify the third party." In the supplement to Professor Larson's work, many decisions from various jurisdictions are discussed, including Whittenberg Engineering and Construction Co. v. Liberty Mutual Insurance Co., Ky., 390 S. W.2d 877; Ruby Lumber Co. v. K. V. Johnson Co., 299 Ky. 811, 187 S.W.2d 449,

166 A.L.R. 1215; and Johnson Const. Co. v. Ruby Lumber Co., Ky., 278 S.W.2d 71. The Kentucky cases just cited do permit indemnity against an employer despite the so-called exclusive-remedy provision, but those cases have to do with general contractors and subcontractors and are not entirely apposite to the question at hand. Although Larson criticizes these cases, we are not persuaded of their unsoundness.

■ No useful purpose would be served by undertaking an exegesis analyzing the many decisions which have been cited by the parties. There are, as we have noted, many conflicting decisions and theories inducing them. Further insight may be had into the problem by reference to 42 Virginia Law Review 959, as well as to Larson's treatise heretofore mentioned. We are persuaded that the law in Kentucky requires the holding which we make that the so-called exclusive-remedy provision of the Workmen's Compensation Act does not insulate the employer from tort liability asserted against him by way of indemnity in the circumstances before us.

■ We think KU may properly recover by way of indemnity any reasonable and necessary costs expended by it in coping with Norris' claim. See Middlesboro Home Telephone Co. v. L & N R Co., 214 Ky. 822, 284 S.W. 104.

To avoid misunderstanding we reiterate that we are not deciding whether Jackson was negligent, primarily or secondarily, or at all. What we have said relates to the legal results which will obtain if KU proves its allegations so as to convince the trier of fact.

The judgment is reversed for further proceedings consistent with the opinion.

MONTGOMERY, C. J. and EDWARD P. HILL, MILLIKEN, PALMORE, STEINFELD, and WILLIAMS, JJ., concur.