LOUISVILLE GAS & ELECTRIC COMPANY, Appellant,

v.

Peter M. KOENIG, Jr., et al., Appellees.

Court of Appeals of Kentucky.

Dec. 13, 1968.

O. Grant Bruton, Middleton, Seelbach, Wolford, Willis & Cochran, Louisville, for appellant.

William G. Lehnig, Louisville, for appellee.

HENRY MEIGS, Special Commissioner.

Frank Koenig, Jr., an employee of Koenig Brothers industrial plumbers, was burned while working on an interior gas line in a customer's plant after employees of appellant, supplier of natural gas to this plant, had found a leak at a point in the plant's gas lines inside of Louisville Gas & Electric's main inlet valve and meter. A series of valves is located along various lines beyond this point, the purposes of which are to permit flow of either natural gas or bottled gas to the plant's heaters. The most critical of these is a three-way valve by means of which inlet selection of either gas supply can be made. At the point where the appellee was injured it was necessary to his safety that the three-way valve be positioned so as to exclude introduction of natural gas; no bottled gas was connected at the time. After the accident the three-way valve was found to be in the proper position, but until Frank Jr. was prepared to cut into the interior gas line with a torch there was no gas at all in the system, as appellant's main inlet valve was turned off.

Next, the injured man's supervisor requested appellant's employee to open L.G. & E.'s main inlet valve, which was done, it apparently being assumed by one and all that the three-way valve was correctly positioned to exclude gas from the line on which Frank Jr. was working. When his torch ignited gas Frank Jr. was severely burned and appellant's employee turned off the gas at its main inlet valve.

Suit by Frank Jr. against L.G. & E. for his injuries was settled after the trial court ordered his employer's insurance carrier to set up its claim for workmen's compensation benefits paid him. By third party complaint L.G. & E. made demand on the injured man's supervisor and upon their employer for indemnity, alleging that they were actively negligent and that L.G. & E. if negligent at all was only passively so. Setting up the Workmen's Compensation Act as a bar to the action for indemnity, third party defendants were granted a summary judgment, and it is from this dismissal of their third party complaint that L.G. & E. appeals.

Reasoning that an employer is not liable to a *joint tort-feasor* because of absence of common liability to the injured party, the trial court concluded the appellees were entitled to judgment as a matter of law, the Workmen's Compensation Act having preempted any common-law right of action for *contribution* or *indemnity* by a joint tort-feasor.

In the light of Lexington County Club v. Stevenson, Ky., 390 S.W.2d 137 (decided subsequent to the judgment herein) we think the trial court failed to distinguish the common-law right of indemnity from the statutory right of contribution and by the entry of a summary judgment unfairly precluded appellant from developing proof in support of its theory of the case. See Kentucky Utilities Co. v. Jackson County R.E.C.C., Ky., 438 S.W.2d 788 (decided today). There is evidence in the record pointing to appellees as creators of the dangerous condition from which Frank Koenig received his injuries. Without attempting to assess that evidence in any way we merely observe the presence of a factual issue for submission to a jury for determination of whether (1) the employer and a fellow employee were actively negligent, and (2) a third party was passively negligent and hence secondarily liable to the injured employee by reason of a passive violation of some duty owed to the employee. Cf. Brown Hotel Co. v. Pittsburgh Fuel Co., 311 Ky. 396 224 S.W.2d 165.

The judgment is reversed for further proceedings consistent with this opinion.