**ASHLAND OIL & REFINING COMPANY,**
**Appellant,**

v.

**BERTRAM & THACKER and Bituminous**
**Casualty Corporation, Appellees.**

Court of Appeals of Kentucky.

May 8, 1970.

———◆———

W. H. Dysard, Ashland, for appellant.

Buford A. Short, Rose & Short, Beatty-ville, J. W. Craft, Jr., Craft & Haynes, Hazard, for appellees.

STEINFELD, Judge.

This case originated when Ralph Conley, an employee of Bertram & Thacker, sued Ashland Oil & Refining Company for damages. Conley was burned in a fire which occurred while a well was being drilled for Ashland. A third-party complaint was filed by Ashland against Bertram & Thacker seeking indemnity for any judgment that Conley might secure against it. Bituminous Casualty Corporation, the workmen's compensation insurance carrier for Bertram & Thacker, intervened and demanded recovery from Ashland of the workmen's compensation benefits it had paid and would pay to Conley. (Bertram & Thacker are sometimes called Bertram & Thacker, Inc.).

Before trial the court ordered that all issues involving claims for indemnity and refund be reserved. Pursuant to a jury verdict in favor of Conley, judgment was entered against Ashland and it appealed. We reversed and in an unreported opinion ordered a retrial. limited to the question of damages recoverable. We deem it necessary to quote a substantial part of our unreported opinion before discussing the issues now before us.

"* * * Ashland was engaged in a program (of) drilling water injection wells around old oil wells. * * * Conley worked for Bertram & Thacker, who were contractors employed by (Ashland Oil) for this work.

"Another contractor was employed by (Ashland Oil) to bulldoze and prepare the well locations before drilling machines were moved onto them.

"On or about May 4, 1961, the bulldozer operator, in grading the well location, broke or cracked an old six-inch 'feeder line' of (Ashland Oil's), and he testified, 'I seen the gas come out.' The next morning the bulldozer operator reported this incident to Howard Skaggs (Ashland Oil's) assistant superintendent who took care of production. Assistant Superintendent Skaggs' testimony in regard to this report being made to him may be summed up on his statement: 'I said I don't remember it if he did.' We consider the testimony of the bulldozer operator in regard to making the report to (Ashland Oil's) assistant superintendent as uncontradicted testimony from a disinterested witness. Howard Blair, the tool dresser on the opposite shift from (Conley) saw approximately four inches of the break in the old pipeline and it was gapped open. Blair told no one else about the break.

"On or about June 1, 1961 (Ashland Oil) permitted Bertram & Thacker's crew to move onto the well location without repairing the damaged pipe, or warning them of the break in (its) old pipeline. The fire which caused (Conley's) injuries occurred a few days later. There is no evidence that this fire was caused intentionally or maliciously. In fact, no one seems to know what ignited the gas.

"There is no evidence that (Conley) knew that they were working in close proximity to a leak in (Ashland Oil's) old pipeline. However, considering (Conley's) long experience in this kind

of work, there were some circumstances shown by the evidence which made his contributory negligence a question for the jury to determine. * * * The jury having found that there was no contributory negligence, that question has been resolved."

We concluded that "* * * the evidence * * * required the jury as a matter of law to find that (Ashland) was negligent and that this negligence was a proximate cause of the fire and appellee's injuries."

Later the action between Conley and Ashland was settled and a judgment was entered which was "Approved for Entry" by the attorneys for Conley and Ashland. The lawyers representing Bertram & Thacker and Bituminous "noted" its entry and made no objection to it. The pertinent parts of that judgment are as follows:

"(2) Judgment is rendered in favor of Ralph Conley against Ashland Oil & Refining Company for Thirty-Three Thousand Dollars ($33,000.00), Twenty-Thousand Dollars ($20,000.00) of which shall be paid to Ralph Conley and Thirteen Thousand Dollars ($13,000.00) to his attorneys, W. B. Hazelrigg and Howard H. Moore.

"(3) No part of said judgment of $33,000.00 is to be paid to Bertram & Thacker, Inc., or the Bituminous Casualty Corporation, because of any Workmens Compensation paid by them or either of them to the plaintiff, Ralph Conley, and he shall have no further claim against either of them.

"(4) In the event the Court hereafter adjudges that Bertram & Thacker, Inc., or the Bituminous Casualty Corporation is entitled to judgment for the Workmens Compensation, including medical expenses heretofore paid by them to Ralph Conley, then the same shall be paid by the Ashland Oil & Refining Company.

"It is now determined by the Court that such amount is Eleven Thousand, Five Hundred Ninety-Two Dollars Sixty-Five Cents ($11,592.65) as of April 12, 1966.

"If it should be further determined that the attorneys for the plaintiff should be awarded an attorney fee from Bituminous Casualty Corporation or Bertram & Thacker, Inc., such attorneys' fee is waived in favor of the Ashland Oil & Refining Company.

"(5) Ashland Oil & Refining Company is to hold * * * Ralph Conley * * * harmless from any Court costs in this action."

Pursuant to the settlement agreement Ashland paid $20,000.00 to Conley and $13,000.00 to his attorneys, then Bituminous jointly with Bertram & Thacker moved for summary judgment. Ashland moved for a judgment granting it indemnity from Bertram & Thacker and for dismissal of the claim of Bituminous. On November 8, 1968, findings of fact and conclusions of law were made pursuant to CR 52.01 and a final judgment was entered. The court held that the jury had absolved Bertram & Thacker of any negligence; that Conley had received workmen's compensation benefits amounting to $11,592.65 from Bituminous and that the settlement was negotiated and was "* * * controlled not by the jury verdict or the judgment entered thereon." It said that Ashland was "* * * not entitled to any credit for the attorney fee recovered or said Workmen's Compensation benefits paid by * * * Bituminous * * *." It adjudged that the complaint of Ashland against Bertram & Thacker and Bituminous be dismissed and that Bertram & Thacker recover costs from Ashland and that Bituminous recover from Ashland $11,592.65 with interest. From that judgment Ashland presents this appeal. We reverse.

The first point for reversal is the claim that the joint motion for summary judg-

ment made by Bertram & Thacker and Bituminous should not have been sustained because there are material issues of fact which Ashland has a right to present and to have tried. It argues that CR 56 which authorizes summary judgment was not intended to prevent a trial when there exist genuine issues of a material fact and notes that we have pointed out that summary judgment should seldom be entered in an action predicated upon negligence. Sheppard v. Immanuel Baptist Church, Ky., 353 S.W.2d 212 (1961) and Stewart v. Lawson, Ky., 437 S.W.2d 733 (1969).

Ashland calls attention to orders reserving certain rights to it. The Pre-Trial Order and a subsequent order which were entered before the original trial were as follows:

"* * * all issues between the Ashland Oil & Refining Company, Bertram & Thacker, Inc., Bituminous Casualty Corporation * * * are continued generally subject to further orders of the Court following the settlement or trial of the action of Ralph Conley. This shall be without prejudice to the rights of any party and to such further pleadings and proof as either of said parties may desire to offer either before or after said trial of the plaintiff's Complaint.

\*    \*    \*    \*    \*    \*

"It is further ordered that all issues, if any, that are involved between the Ashland Oil and Refining Company, Bertram & Thacker, Inc., Bituminous Casualty Corporation, * * * are continued generally subject to the further orders of this court following the trial or settlement of the action of Ralph Conley and Ollie Conley, and the defendants, specified hereinabove, in the second paragraph, before the jury. This shall be without prejudice to the rights of any party and subject to further pleadings and proof as either of said parties may desire to offer before or after the said jury trial of the plaintiffs' complaint, which is on the 8th day of April, 1963."

■ Ashland insists that the trial court erred in finding that "* * * the jury had found no negligence upon the part of Bertram & Thacker and absolved Bertram & Thacker of any negligence in this matter * * *" because that issue was not submitted on trial. It appears to us that this contention is correct—it was reserved.

Ashland says that even if it was negligent it should be given the opportunity to prove that Bertram & Thacker also were negligent and such proof would give it the "* * * right to recover over against (Bertram & Thacker) because they breached an independent duty to (Ashland) and thus acquired an obligation to indemnify it." It relies on Kentucky Utilities Co. v. Jackson County Rural Elev. Co-op. Corp., Ky., 438 S.W.2d 788 (1968). Ashland also insists that the negligence of Bertram & Thacker precludes Bituminous from recovering the workmen's compensation benefits it had paid and cites American Casualty Company v. South Carolina Gas Company, 124 F.Supp. 30 (D.C.S.C., 1954), in which that court wrote:

"* * * contributory negligence on the part of the employer was a proper defense in an action brought against an alleged third-party tort-feasor, and that, if upon the trial, the jury should find that the negligence of the employer contributed to the injury of the employee, the insurance carrier could not recover, and only the excess over and above the amount paid by the insurance carrier, if the amount awarded by the jury should be in excess of that amount, could be collected from the defendant * * *".

It also relies on Employers Mutual Liability Insurance Company of Wisconsin v. Griffin Construction Company, Ky., 280 S.W.2d 179, 53 A.L.R.2d 967 (1955).

■ A third-party tort-feasor may not recover contribution from the injured employee's employer. See Employers Mutual Liability Insurance Company of Wisconsin v. Griffin Construction Company, Ky., 280

S.W.2d 179, 53 A.L.R.2d 967 (1955). If the third-party tort-feasor were permitted to assert the employer's negligence, either as a defense, set off, counterclaim or third-party claim in an action brought by the employer's compensation carrier who has paid the employee's compensation claim, he could accomplish indirectly what we have held he cannot do directly. Hence, there can be no question of contribution in this case.

On the other hand, we have held that this principle does not apply to any right of indemnification the third-party tort-feasor may have against the employer. See Kentucky Utilities Company v. Jackson County Rural Electric Cooperative Corporation, Ky., 438 S.W.2d 788 (1968). In this case Ashland, the third-party tort-feasor, contends it has such a right and has not had the opportunity of establishing it. The record as thus far developed does not manifest the impossibility of the establishment of a claim for indemnity.

Here there were two acts which the several parties claim were each a proximate cause of the injury to Conley—the failure of Ashland to notify or warn anyone and the act of Bertram & Thacker of sending Conley, without warning him, into a place which it knew, or should have known, was dangerous. We discussed the law applicable to primary and secondary negligence in Hall v. Kolb, Ky., 374 S.W. 2d 854 (1964), in which the claim was for contribution. Ashland seeks *indemnity* from Bertram & Thacker, just as the Brown Hotel Co. sought indemnity from Pittsburgh Fuel Co., 311 Ky. 396, 224 S. W.2d 165 (1949). In Brown we pointed out that the right of indemnity is based on the common law and on principles of equity and held that Brown, the property owner whose negligence was secondary, could recover from Pittsburgh whose "* * * primary, efficient and direct * * *" negligence was the failure of its employee to replace a manhole, an act which exposed Brown to liability. The right to indemnity also may arise by reason of a contractual relation.

We conclude that a summary judgment was inappropriate here. Dossett v. New York Mining & Manufacturing Co., Ky., 451 S.W.2d 843 (decided March 13, 1970). A full development of facts is essential to determine Ashland's rights, if any, against Bertram & Thacker and its obligation, if any, to Bituminous. Louisville Gas & Electric Co. v. Koenig, Ky., 438 S.W.2d 791 (1968). Also see Security Insurance Company of Hartford v. Norris, Ky., 439 S.W.2d 68 (1969), as the subject of bearing expense of the attorney fees paid in the tort litigation is involved.

All issues presented which were not determined herein are reserved.

The judgment is reversed for further proceedings consistent with this opinion.

All concur.