**UNION CARBIDE CORPORATION, Appellant,**

v.

**SWECO, INC., Appellee.**

Court of Appeals of Kentucky.

Oct. 3, 1980.

Discretionary Review Denied
Feb. 13, 1981.

J. Gregory Wehrman, Wehrman & Wehrman, Chartered, Covington, for appellant.

J. Kenneth Meagher, Rendigs, Fry, Kiely & Dennis, Cincinnati, Ohio, for appellee.

Before HAYES, C. J., and BREETZ and GANT, JJ.

HAYES, Chief Judge.

Union Carbide Corporation, the defendant and third party plaintiff below, appeals from a partial summary judgment of the Kenton Circuit Court in favor of the third party defendant, Sweco, Inc.

On August 14, 1976, the plaintiff, Kenneth Hoffman, an employee of Sweco was injured as the result of an explosion which occurred while he was at work at Sweco's plant in Florence, Kentucky. Hoffman alleged that the explosion occurred when fumes from certain cleaning chemicals provided him by Sweco's ignited. Hoffman filed a workers' compensation claim against Sweco. Liberty Mutual Insurance Company, Sweco's insurer, has paid certain sums on the claim.

On August 10, 1977, Hoffman, Beverly Hoffman and Liberty Mutual filed a tort action against J. Daly Company, Inc., a distributor and vendor of chemical products, and Union Carbide Corporation, a manufacturer of chemical products. The complaint alleged that Daly and Union Carbide were negligent in failing to test the chemicals to determine their flammability and explosive

nature and in failing to warn Hoffman of any such dangerous characteristics. Liberty Mutual asserted a subrogation claim for the amount it had been required to pay Hoffman on the workers' compensation claim.

On November 13, 1978, Union Carbide filed a third party complaint against Sweco alleging that Sweco was primarily and actively negligent in that it failed to instruct Hoffman regarding safety practices and procedures in its plant and in that it failed to provide Hoffman with a safe working area. Union Carbide's complaint sought indemnification from Sweco. The record reveals that there is an issue of fact concerning Sweco's alleged negligence. Sweco moved for dismissal or summary judgment on the grounds that Sweco is immune from such a claim under the provisions of KRS 342.690(1) which reads as follows:

If an employer secures payment of compensation as required by this chapter, the liability of such employer under this chapter shall be exclusive and in place of all other liability of such employer to the employe, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death. For purposes of this section, the term "employer" shall include a "contractor" covered by KRS 342.610, whether or not the subcontractor has in fact, secured the payment of compensation. *The liability of an employer to another person who may be liable for or who has paid damages on account of injury or death of an employe of such employer arising out of and in the course of employment and caused by a breach of any duty or obligation owed by such employer to such other shall be limited to the amount of compensation and other benefits for which such employer is liable under this chapter on account of such injury or death, unless such other and the employer by written contract have agreed to share liability in a different manner.* The exemption from liability

given an employer by this section shall also extend to such employer's carrier and to all employes, officers or directors of such employer or carrier, provided the exemption from liability given an employe, officer or director or an employer or carrier shall not apply in any case where the injury or death is proximately caused by the wilful and unprovoked physical aggression of such employe, officer or director. (Emphasis added).

The trial court granted Sweco's motion. This appeal followed.

Union Carbide argues that the immunity granted an employer under the terms of the Kentucky Workers' Compensation Act does not extend to indemnification claims such as the one before us.

■ In the case of *Kentucky Utilities Company v. Jackson County Rural Electric Cooperative Corporation*, Ky., 438 S.W.2d 788 (1969) the former Court of Appeals in determining the scope of KRS 342.015(1) which has since been replaced by KRS 342.-690, held at 790 that "the common-law right to indemnity is a jural right which existed prior to the adoption of our Constitution and may not be abolished by the General Assembly." Sweco maintains that the *Kentucky Utilities* case has no application here because KRS 342.015 was superseded by the more strongly worded KRS 342.690. This position is not well-taken however. The common-law right of indemnity may not be emasculated by any language or act of the legislature no matter how worded.

■ In any event, an examination of KRS 342.690 reveals that the legislature did not seek to abolish indemnity actions but sought to limit the amount of recovery over against the employer. The statute states that an employer's liability to a third party indemnitee is limited to the amount paid under the Workers' Compensation Act. We do not find it necessary to examine the issue of whether such a provision constitutes an abolition, albeit partial, of the common-law right of indemnity. The only question presently before us is whether such an action may be maintained.

■ Sweco argues that even if an action for indemnity is maintainable that it must be based upon an independent duty of the employer to the third party. Sweco contends that the *Kentucky Utilities* case stands only for this proposition. We believe that such a reading too narrowly construes the concept of indemnity as recognized in this Commonwealth. *Brown Hotel Co. v. Pittsburg Fuel Co.*, 311 Ky. 396, 224 S.W.2d 165 (1949) stated that a right of indemnity existed where the parties are not in pari delicto, the indemnitee being less culpable, although both parties are liable to the injured person. Such a right may be said to be based upon an implied contract of indemnity but is more properly characterized as an equitable remedy resting upon the concept that one is responsible for the consequences of one's own wrong. The law of this Commonwealth does not require a total absence of negligence on the part of Union Carbide to permit a claim for indemnification. We realize, and Sweco has ably demonstrated, that many jurisdictions do not hold this view. However, we do not feel compelled to abandon this Commonwealth's established principle of law.

■ The trial court erred when it granted judgment for Sweco. However we make no determination with respect to the negligence, if any, of Sweco. That issue remains the critical element of the case. Also, it would be premature to address the attempt of the legislature to limit indemnity liability in KRS 342.690. The question, being a constitutional one, would require notice to the Attorney General pursuant to CR 24.03.

The judgment of the circuit court is reversed and remanded.

All concur.