James K. BURRELL, Appellant,

v.

ELECTRIC PLANT BOARD OF the
CITY OF FRANKLIN, KENTUCKY,
Appellee.

ELECTRIC PLANT BOARD OF the
CITY OF FRANKLIN, KENTUCKY,
Appellant,

v.

James K. BURRELL, Appellee.

Supreme Court of Kentucky.

Feb. 16, 1984.

As Modified on Denial of Rehearing
Oct. 4, 1984.

David F. Broderick, David W. Anderson, Bowling Green, William R. Harris, Franklin, for appellant/appellee, Burrell.

R. Lee Steers, Jr., Samuel R. McCracken, Franklin, for appellee/appellant, Electric Plant Board.

Uhel Barrickman, Glasgow, Secrest & Secrest, Scottsville, for amicus curiae, Mark Graves.

LEIBSON, Justice.

On April 13, 1980, employee Mark Graves was seriously injured on his employer's premises from contact with an exposed high voltage electric line. He was paid extensive Workers' Compensation benefits by his employer, James K. Burrell. He then filed suit against Electric Plant Board of the City of Franklin, Kentucky, a public corporation, alleging his injuries were caused by its negligence in construction, installation and maintenance of the high voltage line.[1]

His employer, James K. Burrell, filed an intervening complaint in the action asserting a statutory right of subrogation pursuant to KRS 342.700, for Workers' Compensation benefits paid and payable thereafter. The amount of these benefits was substantial, $136,391 to the date of the intervening complaint.

In turn the Electric Plant Board filed pleadings against Burrell, alleging that the negligence of Burrell, the employer, was

---

1. Graves also sued two other defendants, McDonald's Corporation and Dixie Builders, Inc., but there is no final order and no appeal on these claims.

the primary cause of the plaintiff's injuries entitling Electric Plant Board to indemnify, or in the alternative that the employer Burrell was concurrently negligent entitling the Electric Plant Board to contribution.

The trial court dismissed all claims by Electric Plant Board against Burrell, both for indemnity and for contribution, after concluding that under KRS 342.690(1) the Workers' Compensation Act barred all actions against the employer including third party claims [2] for contribution and indemnity.

The Court of Appeals affirmed the trial court's dismissal as to contribution citing *Employers Mutual Liability Insurance Co. of Wisconsin v. Griffin Construction Co.*, Ky., 280 S.W.2d 179 (1955), but reversed the trial court's dismissal of the indemnity claim, citing *Union Carbide Corp. v. Sweco, Inc.*, Ky.App., 610 S.W.2d 932 (1981). *Sweco* follows our earlier decision in *Kentucky Util. Co. v. Jackson County R.E. Coop. Corp.*, Ky., 438 S.W.2d 788, 790 (1968), holding that "the common-law right to indemnity is a jural right which existed prior to the adoption of our Constitution and may not be abolished by the General Assembly." *Sweco* reaffirms that "The common-law right of indemnity may not be emasculated by any language or act of the Legislature, no matter how worded." 610 S.W.2d at 934.

Electric Plant Board appeals the Court of Appeals' decision dismissing the claim for contribution. Burrell, the employer, appeals the Court of Appeals' decision permitting the claim for indemnity.

After due consideration of the present statutory language in KRS 342.690(1), the so-called "exclusive remedy" section of the Workers' Compensation Act, as contrasted with the previous language in KRS 342.-015(1) which it replaced, we conclude that the 1973 Amendment of the Workers' Compensation Act extended to the appellant, Electric Plant Board, the right to claim contribution against the employer, Burrell,

"limited to the amount of compensation and other benefits for which such employer is liable under (Worker's Compensation) on account of such injury" as the employee sustained. We reverse both the trial court and Court of Appeals decisions to the contrary.

We affirm the decision of the Court of Appeals that Electric Plant Board may also maintain an action for indemnity against the employer Burrell, assuming that the proof establishes a right to indemnity.

KRS 342.015(1), the exclusive-remedy clause of the Workers' Compensation Act in effect before the amendment enacted in 1972, was unlimited in its terms. It provided that "the employer shall be liable to provide and pay compensation under the provisions of this chapter and shall ... *be released from all other liability.*" (Emphasis added)

Subsequently, the decisions of this Court in *Kentucky Util. Company v. Jackson County R.E. Coop Corp., supra,* and *Louisville Gas & Electric Co. v. Koenig,* Ky., 438 S.W.2d 791 (1968) limited the effect of this language to contribution and excluded its application to indemnity on constitutional grounds. The General Assembly then enacted KRS 342.690 as a substitute for KRS 342.015(1).

This Court has not yet squarely decided the meaning or effect of the 1972 change in the statute. Nevertheless, it is clear that the previous unlimited language (the employer *shall* "be released from all other liability") has been removed and as to third party claims the following limited language has been substituted in its place (KRS 342.-690(1), third sentence):

"... The liability of an employer to another person who may be liable for or who has paid damages on account of injury or death of an employee of such employer arising out of and in the course of employment and *caused by a breach of any duty or obligation owed by such*

---

**2.** "Third party" refers to a person other than the employer, against whom the injured employee has filed a common law action. The employer and employee are the two parties to the employment contract and the defendant in the court suit is a "third party."

*employer to such other* shall be limited to the amount of compensation and other benefits for which such employer is liable under this chapter and on account of such injury or death, unless such other and the employer by written contract have agreed to share liability in a different manner."[3] (Emphasis added.)

The only liability to which these words could possibly relate is liability for contribution or indemnity from the employer to such third party. Whether the enactment of the statute by the General Assembly was a response to the *Kentucky Utilities* and *LG & E v. Koenig* cases or emanated from another source, it is clear that the effect was to remove the unlimited exclusive remedy language of former KRS 342.015(1) ("released from all other liability") and substitute a limited version in its place ("limited to the amount of compensation and other benefits for which such employer is liable under this chapter").

We cannot assume the change in the statute was meaningless. The new statute must be "held to mean what it plainly expresses." *Hawley Coal Co. v. Bruce,* 252 Ky. 455, 67 S.W.2d 703, 705 (1934). It "plainly expresses" a potential liability for an employer if obligated to a third party "who has paid damages on account of injury or death of an employee," a liability "limited to the amount of compensation and other benefits for which such employer is liable" under the Workers' Compensation Act. This liability is for "breach of any duty or obligation owed by such employer to such other (third party)."

Burrell argues that because the employer shares no "common liability to the employee," having been granted immunity from such liability by the Workers' Compensation Act, he "cannot be a joint tortfeasor with a third party who injures his employee." He cites language from *Employers Mutual Liability Ins. Co. of Wis-*

consin v. Griffin Construction Co., Ky., 280 S.W.2d 179, 184 (1955) and *Ashland Oil & Refining Co. v. Bertram & Thacker,* Ky., 453 S.W.2d 591 (1970), to this effect.

Both of these cases were decided *before* the change in the exclusive-remedy clause that occurred in 1972. When those cases were decided, to permit a third party claim for contribution against the employer, would have permitted an evasion of the unlimited release from liability provided by KRS 342.015(1), now repealed. In *Ashland Oil* we state:

> "If the third-party tort-feasor were permitted to assert the employer's negligence, either as a defense, set off, counterclaim or third party claim ... he could accomplish indirectly what we have held he cannot do directly." 453 S.W.2d at 595.

Comments in those decisions interpreting the contribution statute were unnecessary and obiter dicta. The essence of *Employers Mutual* and *Ashland Oil, supra,* is that the contribution statute was superceded by KRS 342.015(1). But KRS 342.015(1) has been repealed.

The majority of contribution statutes from other jurisdictions are based, in whole or in part, upon the Uniform Contribution Among Tortfeasors Act. That Act restricts its application to "two or more persons [who] become jointly or severally liable in tort for the same injury." Uniform Contribution Among Tortfeasors Act, Sec. 1. If the Kentucky Contribution Statute were similar, Burrell's argument for a requirement of "common liability" to the injured employee might be more persuasive. But our Contribution Act, KRS 412.030, states only as follows:

> "Contribution among wrongdoers may be enforced where the wrong is a mere act of negligence and involves no moral turpitude."

**3.** The first sentence of KRS 342.690(1) specifies that the act is the exclusive remedy for the employee and anyone whose claim derives from the employee's claim, such as spouse, dependents, and next of kin. It does not purport to relate to third party claims as does the third sentence, quoted above, and it should not be interpreted as conflicting with the quoted sentence.

It requires only that both parties be "wrongdoers" whose "negligence" contributed to cause the injury, not that both be legally liable to the injured person.

■ In *Campbellsville Lumber Co. v. Lawrence*, Ky., 268 S.W.2d 655 (1954) we so interpreted our Contribution Act. We held that "one seeking contribution, pursuant to KRS 412.030, must show that the injury to the person or property, flowing from an accident and giving rise to the claim for damage, was the proximate result of the concurrent negligence of himself and the defendant against whom the right is asserted...." 268 S.W.2d at 656. We did not further require that both be legally liable to the injured party.

There are sound reasons for not adding to the statute, where it is otherwise silent, a requirement of "common liability" to the employee. If we do so we provide the employer a windfall. Under KRS 342.700 the employer is entitled to statutory subrogation for the amount of compensation which he has paid. In this instance the employer Burrell has filed a complaint against Electric Plant Board setting out payment to the employee in the sum of $136,691 to the date of the complaint, August 11, 1981, and demanding repayment for this amount plus further amounts to be paid under the Kentucky Workers' Compensation Act. If Electric Plant Board is proved negligent and we sustain Burrell's position that regardless of concurrent negligence on the part of the employer he is immune from contribution, Burrell will be repaid the Workers' Compensation benefits he has paid to the employee.

In short, Burrell maintains that legislature intends that a negligent employer who contributes to cause the employee's injury is granted both immunity from suit and full recoupment for his liability under the Workers' Compensation Act.

■ We doubt seriously the legislature intended to reward negligence in this fashion. We see no reason to interpret the Workers' Compensation Act or the Contribution Statute as requiring such an unconscionable result. It is reasonable to assume that the General Assembly was seeking to limit the liability of the employer to the extent of his liability under the Workers' Compensation Act, but unreasonable to assume that it further intended to relieve the negligent employer of liability altogether. By giving effect to both the employer's subrogation section, KRS 342.700, and the "limited" liability language in KRS 342.690, we effect the purposes of the Act while foreclosing an unconscionable windfall for the employer.

■ Burrell further argues that the intent of the legislature was to relieve the employer from being involved in court litigation. But this argument does not withstand close inspection. In the present case and many like it the employer is a willing participant in the litigation because he wishes to pursue his subrogation interest in his "own name or that of the injured employee." KRS 342.700. Even in those cases where the injured employee elects to proceed at law by civil action against a third person and the employer is content to await the outcome of that case, the employer is liable for his proportionate share of the attorney's fees and court costs that lead to the recoupment. *Stacy v. Noble*, Ky., 361 S.W.2d 285 (1962) and cases cited therein. There is no verbiage in the Workers' Compensation Act exempting the employer from expenses and inconvenience of litigation and the considerations that support exposing the employer to litigation in those areas where the provisions of the Act support it, outweigh the considerations in favor of such all-inclusive protection.

■ Next, we consider whether Electric Plant Board can maintain an action for indemnity against the employer Burrell.

The Court of Appeals recognized the right of the third party to maintain an indemnity action against the employer as a long-standing "jural right" constitutionally protected, citing *Kentucky Utilities Co. v. Jackson County R.E. Coop. Corp.* and *Louisville Gas & Electric Co. v. Koenig*, supra. Burrell contends *Fireman's Fund Ins. v. Government Employee's Ins.*, Ky.,

635 S.W.2d 475 (1982) implicitly overrules *Kentucky Utilities* and *Jackson County R.E. Coop. Corp.* But *Fireman's Fund* involves a different type of indemnity situation. At issue was the right of a no-fault insurer to pursue a recoupment claim for benefits paid to the insured, a claim based on subrogation and deriving from the cause of action of its insured which had been cut off by the No-Fault Act (Motor Vehicle Reparations Act). Indemnity here, if it can be proved, has nothing to do with subrogation to a nonexistent claim, but derives from common law principles of indemnity from an active wrongdoer to a passive wrongdoer, indemnity as defined at length in *Brown Hotel Co. v. Pittsburgh Fuel Co.*, 311 Ky. 396, 224 S.W.2d 165 (1949).

Burrell argues that the Court of Appeals' decision is erroneous for technical reasons related to the pleadings, reasons that support the trial court's dismissal of the claim for indemnity although "not actually given by the trial court." Burrell states "the holding (of the trial court) must be affirmed even though the court gave the wrong reasons for its decision," because in his complaint the employee "has alleged only active negligence on the part of Electric Plant Board."

Burrell reasons that "if Electric Plant Board is liable to (the employee) at all, that liability results from the active negligence of Electric Plant Board;" that indemnity would only follow if Electric Plant Board were liable to the employee for passive negligence while Burrell was guilty of active negligence. *Schuster v. Steedley*, Ky., 406 S.W.2d 387 (1966).

■ It is the employer Burrell, not the employee, who classifies the allegations of the employee's complaint as excluding passive negligence. The allegations of the pleadings by Electric Plant Board against Burrell specify grounds related to both active and passive negligence and seek both contribution and indemnity. Electric Plant Board is not bound by the employee's pleadings against it, nor restricted to the proof offered by the injured employee. Assuming Electric Plant Board's pleadings

and proof support a claim for indemnity, it is entitled to judgment accordingly without regard to the form of the complaint asserted against it. The landmark case in the state of Kentucky which so holds is *Brown Hotel Co. v. Pittsburgh Fuel Co.*, 311 Ky. 396, 224 S.W.2d 165 (1949).

In the *Brown Hotel* case both Brown Hotel Co. and Pittsburgh Fuel Co. had been adjudged joint tortfeasors and each assessed judgment for one-half of the plaintiff's damages. Then Brown Hotel pursued a claim for indemnity, to recover for the portion of the judgment it had paid, against Pittsburgh Fuel Co., alleging that the parties were not in pari delicto, that Pittsburgh Fuel was the active wrongdoer and primarily negligent whereas Brown Hotel Co. was a passive wrongdoer compelled to pay damages when the negligence of the fuel company was the primary cause of the plaintiff's injuries.

The holding in *Brown Hotel Co. v. Pittsburgh Fuel Co.* recognized Brown Hotel's right to indemnity upon proof of its claims regarding active and passive negligence. It forecloses Burrell's argument in the present case.

*Schuster v. Steedley, supra,* cited by Burrell, is a different case. The *proof* in that case was that Schuster, the party seeking indemnity, was negligent in loading and handling the gun that shot Steedley. His negligence was an active, primary cause of the injury. If there was any negligence on the part of Sutcliffe Company, the gun dealer from whom Schuster sought indemnity, in furnishing a defective weapon, such negligence was at most concurrent, and not grounds for indemnity. Steedley was entitled to contribution, if anything, rather than indemnity. In short the *proof* in *Schuster v. Steedley* failed to support a claim for indemnity. The *pleadings problem* was that Schuster failed to assert or pursue a claim for contribution which was his only remedy available under the facts of the case.

In the present case we are confronted with only the pleadings. Whether the proof will support a claim for indemnity

against the employer Burrell remains to be seen. Certainly Electric Plant Board's pleadings are sufficient to maintain the action. To paraphrase our holding in *Kentucky Utilities Co. v. Jackson County*, *supra:*

> "To avoid misunderstanding we reiterate that we are not deciding whether (the employer) was negligent, primarily or secondarily, or at all. What we have said relates to the legal results which will obtain if (the third party plaintiff) proves its allegations so as to convince the trier of fact." 438 S.W.2d at 791.

Electric Plant Board has specified that it seeks only to establish its *right to maintain* its action for indemnity; that the issue whether the amount of recovery for indemnity is limited by KRS 342.690(1) is not before the court. The Court of Appeals' opinion states "It is clear from the transcript of the hearing below that the parties were limiting their arguments to whether there could be claim over against Burrell to the extent he paid under Workers' Compensation should liability be held to attach to the Electric Plant Board."

No rulings have yet been made in the trial court with regard to any limitation upon the amount subject to recoupment for indemnity. We will not consider an issue which will only arise in this case when and if: (1) Electric Plant Board is held liable to the employee; (2) its liability exceeds the amount for which the employer is liable to the employee in Workers' Compensation benefits (in excess of $136,000); and (3) the Electric Plant Board proves facts justifying a verdict for indemnity and obtains such a verdict at the hands of the jury. We agree with Electric Plant Board that there is no need to address this question before a jury verdict finding the facts underlying the question.

Further, as direction to the trial court, the issues in this case do not trigger the application of either KRS 454.040, which permits the jury to apportion damages where the *plaintiff's claim* is against two or more tortfeasors, nor *Orr v. Coleman*, Ky., 455 S.W.2d 59 (1970), which permits the jury to apportion damages between a settling tortfeasor who is no longer a party and a nonsettling tortfeasor. The plaintiff/employee in the case below has made no tort claim against his employer. He has been paid Workers' Compensation benefits on a basis of liability without fault. Those benefits are in the nature of insurance for medical expense and disability. The questions of fault as regards to the employer in this case relate solely to claims against him for contribution and indemnity. The situation is analogous to *Nix v. Jordan*, Ky., 532 S.W.2d 762, 763 (1975). The employer's liability, if any, is to a third party under the contribution statute or for common law indemnity.

If the jury makes appropriate findings supporting a judgment for either contribution or indemnity, the court shall award Electric Plant Board judgment over against Burrell for either one-half (if contribution) or for all (if indemnity) of the award in favor of the employee against Electric Plant Board. If the award is for contribution, it shall not exceed the amount of Burrell's liability for Workers' Compensation benefits. If the award is for indemnity and the amount exceeds Burrell's liability for Workers' Compensation benefits, the trial court shall then decide, subject to appellate review, whether to limit the amount to Burrell's liability for Workers' Compensation benefits.

We affirm the decision of the Court of Appeals regarding indemnity and reverse the decision of the Court of Appeals regarding contribution. We remand this case to the trial court for proceedings consistent with this opinion.

STEPHENS, C.J., and AKER, GANT, LEIBSON and WINTERSHEIMER, JJ., concur.

VANCE, J., dissents and files herewith a separate opinion.

STEPHENSON, J., dissents and files herewith a separate opinion.

VANCE, Justice, dissenting.

I concur in the dissent of Justice Stephenson on the issue of the right to contribution. Furthermore, I do not agree that we should in this case gratuitously pass upon the question of the applicability or nonapplicability of the rules announced in *Orr v. Coleman,* Ky., 455 S.W.2d 59 (1970) and *Nix v. Jordan,* Ky., 532 S.W.2d 762 (1975). These questions were not raised before nor decided by the trial court and are not before us for review. Our determination, therefore, is simply a ruling that is not necessary to the decision.

Like much gratuitous advice, it is given without fully discussing the reasons for and against it. An argument was advanced herein that Burrell should be treated as a settling tort-feasor in that his liability to the employee for negligence was discharged by reason of the provisions of the Workers' Compensation Act. In other words, the employee effectively settled any claim he may have had for negligence against his employer by his acceptance of workers' compensation benefits.

Our opinion holds, however, that the employer may be held to answer for his negligence in a claim for contribution filed by a third party against whom the employee had made claim. This claim for contribution immediately places in issue the question of whether the employer was negligent in causing the injury and the extent of his liability to the third party, if any. Our holding in *Hilen v. Hays,* Ky., 673 S.W.2d 713 (1984), was predicated upon the theory that in a system where liability is based upon fault, the extent of liability should be determined by the degree of fault.

It would seem to logically follow, therefore, that if the injury to the employee was caused by concurring negligence of both Burrell and the Electric Plant Board, that the employee has settled his claim against Burrell by his acceptance of the Workers' Compensation Act and that his claim against Electric Plant Board of the City of Franklin is limited to compensation for that portion of his injury caused by the negligence of Electric Plant Board in a trial

under the principle approved in *Orr v. Coleman,* Ky., 455 S.W.2d 59 (1970).

The employee is not a party to this appeal and was therefore not afforded an opportunity to be heard. The applicability of *Orr v. Coleman, supra,* was not presented to the trial court, and we should not determine the issue until it has been squarely presented for review, and when the issues have been fully briefed before us by all the parties affected by the decision.

STEPHENSON, Justice, dissenting.

After reading the majority opinion I have the feeling that the Workers' Compensation Law as we know it is being radically changed from its traditional meaning. All of this results from the repeal of KRS 342.015(1) "release from all other liability" and the enactment of KRS 342.690(1) which speaks of the liability of the employer to a third person where the damages were "caused by a breach of any duty or obligation owed by such employer to such other."

It is clear to me that this language is in answer to our opinion in *Jackson County R.E. Coop. Corp* and *Koenig.* KRS 342.690(1) is an attempt to limit the effect of these decisions to the amount of compensation for which the employer is liable and not a vehicle to impose liability for contribution. The statute is aimed at indemnity, not contribution. To say that the statute relates to liability for contribution is to destroy the underlying basis of workers' compensation.

It is nonsense to say that the legislature "did not intend to reward negligence" and that an intervention under KRS 342.700 provides the employer a "windfall." Ordinary negligence on the part of the employer has never been a factor to be litigated, and intervention pursuant to KRS 342.700 has never been considered a "windfall."

The most that can be gleaned from the statutory change is that there must be a breach of duty owed by the employer to the third party to impose any liability on the employer at all. The majority opinion paints with too broad a brush and opens

the doors wide to involve the employer in every litigation involving negligence of a third party.

First, I do not subscribe to the statement in *Jackson County R.E. Coop. Corp.* that indemnity is a jural right which existed prior to the adoption of the Constitution of Kentucky. I do not believe there is any application of this principle to workers' compensation. See *Fireman's Fund Ins. Co. v. Government Employees Ins. Co.*, Ky., 635 S.W.2d 475 (1982).

Secondly, the majority opinion recites and then seems to ignore the operative phrase of the statute that confines *to breach of duty owed by the employer to a third person.* This limitation can only mean the type situation where the third party could maintain an action against the employer initially. I have read the pleadings of Electric Plant Board and have concluded that no reasonable inference could be drawn that would demonstrate that Burrell had and breached a duty to Electric Plant Board.

The most ominous portion of the majority opinion from the standpoint of workers' compensation is the recognition that if the award is for indemnity and exceeds the employer's liability for worker's compensation, there is a possibility that the employer would be liable for the excess.

This opinion, in my view, destroys the theory of the Workers' Compensation Act.

I would limit the statutory change to indemnity and indemnity to the amount of liability for worker's compensation in only those situations where the employer breached a duty to the third party.

I am of the opinion the trial court was exactly right in dismissing Electric Plant Board's claim here and would affirm the judgment of the trial court. Accordingly I dissent.