**FIREMAN'S FUND INSURANCE COMPANY, Movant,**

v.

**SHERMAN & FLETCHER, John Sherman, Raymond Fletcher, and Otto Thillman, Respondents.**

**Karen A. GEORGE, Administratrix of the Estate of David H. George; Active Constructors; Daniel Krusenklaus; Howard R. Clausen; and Patrick L. Devine, Movants,**

v.

**SHERMAN & FLETCHER, John Sherman, Raymond Fletcher, and Otto Thillman, Respondents.**

Supreme Court of Kentucky.

Feb. 27, 1986.

O. Grant Bruton, Middleton & Reutlinger, Louisville, for movants in No. 84–SC–274–DG.

Thomas C. Hundley, Stites & Harbison, Lexington, for respondents in No. 84–SC–274–DG.

Kenneth H. Baker, James S. Scroghan, Louisville, for movant in No. 84–SC–279–DG.

Thomas C. Hundley, Lexington, for respondents in No. 84–SC–279–DG.

VANCE, Justice.

This case presents questions concerning (1) the right of an injured employee of a subcontractor to recover in tort from an owner who has acted as his own contractor, (2) the right of a subcontractor in a suit against him in tort to implead the contractor on a claim for subrogation or indemnity, and (3) the right of an insurer which has paid compensation to the employee of a subcontractor to indemnify itself against the contractor when the negligence of the contractor caused the injury.

The complex factual situation giving rise to this case is as follows:

Sherman and Fletcher: John Sherman and Raymond Fletcher, individually and as partners, were the owners and developers of a residential construction complex consisting of 21 townhouses known as the Wessex Project. They contracted with others for most of the construction work.

David S. Elder, Inc. was a framing subcontractor engaged to do the rough framing carpentry on the Wessex construction project.

David H. George was an employee of Elder, Inc. who was killed when a concrete block wall at the construction site collapsed.

Active Constructors is a partnership which subcontracted to construct the concrete block wall which collapsed and killed David George.

Fireman's Fund Insurance Company carried the worker's compensation insurance for Elder, Inc. and paid benefits to the estate of David George.

The trial court dismissed all claims against Sherman & Fletcher. We affirm.

## THE CLAIM OF KAREN A. GEORGE ADMINISTRATRIX OF THE ESTATE OF DAVID H. GEORGE

Elder, Inc., the employer of David George, paid worker's compensation benefits to the estate of George. The estate elected to seek recovery for wrongful death against Sherman & Fletcher, claiming that Sherman and Fletcher was responsible as a third party whose negligence had caused the death. The negligence attributed to Sherman and Fletcher was that it failed to properly supervise the construction project and failed to require that the concrete block wall under construction be adequately braced.

Sherman & Fletcher was granted a summary judgment on the claim of the George Estate on the ground that the worker's compensation statutes precluded such recovery.

K.R.S. 342.610 provides that (1) every employer subject to the chapter shall be liable for compensation for injury without regard to fault, (2) a contractor who subcontracts any part of his contract shall be liable for the payment of compensation to the employees of the subcontractor *unless the subcontractor primarily liable for the payment of such compensation has secured its payment as provided by Chapter 342,* and (3) a person who contracts with another to have work performed of a kind which is a regular or recurrent part of the work *of the trade, business, occupation or profession of such person,* shall be deemed a contractor and such other person a subcontractor.

K.R.S. 342.690(1) provides:

"If an employer secures payment of compensation as required by this chapter, the liability of such employer under this chapter shall be exclusive and in place of all other liability of such employer to the employe, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death. For purposes of this section, the term 'employer' shall include a 'contractor' covered by KRS 342.610, whether or not the subcontractor has in fact, secured the payment of compensation. The liability of an employer to another person who may be liable for or who has paid damages on account of injury or death of an employe of such employer arising out of and in the course of employment and caused by a breach of any duty or obligation owed by such employer to such other shall be limited to the amount of compensation and other benefits for which such employer is liable under this chapter on account of such injury or death, unless such other and the employer by written

contract have agreed to share liability in a different manner. The exemption from liability given an employer by this section shall also extend to such employer's carrier and to all employes, officers or directors of such employer or carrier, provided the exemption from liability given an employe, officer or director or an employer or carrier shall not apply in any case where the injury or death is proximately caused by the wilful and unprovoked physical aggression of such employe, officer or director."

█ The statutes make it plain that if Sherman & Fletcher is a contractor, it has no liability in tort to an injured employee of a subcontractor. It is also clear that Sherman & Fletcher is a contractor if the work subcontracted to George's employer is work of a kind which is a regular or recurrent part of the work of the trade, business, occupation or profession of Sherman & Fletcher.

Elder, Inc., George's employer, contracted to perform the rough framing carpentry on the project. It cannot be disputed that rough framing carpentry is work of a kind which is a regular or recurrent part of the work of the occupation or trade of building construction in which Sherman & Fletcher was engaged.

Mrs. George claims, however, that the subcategory of carpentry which is designated as "rough framing" was a type of carpentry which Sherman & Fletcher did not do for itself but usually subcontracted to others. We agree with the Court of Appeals that such a distinction is of no significance.

█ The purpose of the provision of K.R.S. 342.610 that a contractor is liable for compensation benefits to an employee if a subcontractor who does not secure compensation benefits is to prevent subcontracting to irresponsible people. *Elkhorn-Hazard Coal Land Corp. v. Taylor,* Ky., 539 S.W.2d 101, 103 (1976).

In *Bright v. Reynolds Metals Co.,* Ky., 490 S.W.2d 474 (1973), we held that a principal contractor was one who performed

work for another. Reynolds Metals Company acted as its own contractor, but it was not performing work for another and therefore was held not to be a principal contractor under the statute in force at that time. Because of that fact, Reynolds Metals was held to have no liability for compensation to the employee of a subcontractor and a tort claim was therefore allowed.

The decision in *Bright v. Reynolds Metal Co., supra,* pointed out that the statutes of many states provided that a person who contracted for work to be done by another which was of the kind he usually performed for himself was construed to be a principal contractor. Our statute had no such provision at that time.

■ Following the decision in *Bright v. Reynolds Metals Co., supra,* the General Assembly enacted K.R.S. 342.610 in its present form which provides that a person who contracts with another to do work of a kind which is a recurrent part of the work of the trade or occupation of such person shall be deemed a contractor. We construe this to mean that a person who engages another to perform a part of the work which is a recurrent part of his business, trade, or occupation is a contractor. Even though he may never perform that particular job with his own employees, he is still a contractor if the job is one that is usually a regular or recurrent part of his trade or occupation. The business or occupation of Sherman & Fletcher was building construction, and rough carpentry is work of a kind which is a regular or recurrent part of the work of the business of building construction. Sherman & Fletcher would have been liable for the worker's compensation benefits to David George if Elder, Inc., his employer, had not secured those benefits. K.R.S. 342.610(2). That potential liability for worker's compensation benefits relieves Sherman & Fletcher from tort liability. K.R.S. 342.690.

## THE CLAIM OF ACTIVE CONSTRUCTORS AGAINST SHERMAN & FLETCHER

Active Constructors sought to indemnify itself against Sherman & Fletcher for any damages it might be required to pay to the administratrix of the Estate of David George because of his wrongful death. Active contended that the negligence of Sherman & Fletcher was the primary cause of the death. The trial court dismissed the claim, and the Court of Appeals affirmed.

The only contention asserted by Active Constructors in this court is that Active has a jural right to indemnity and that the time has come to determine the constitutionality of K.R.S. 342.690(1) which purports to limit that jural right. Active relies upon Sections 54 and 241 of the Kentucky Constitution for the proposition that the General Assembly has no authority to limit the right to indemnification.

The Court of Appeals did not make any determination of the constitutionality of the statute as it applies to Active Constructors. Perhaps a reason for this is that Active Constructors did not raise the constitutional issue in the Court of Appeals.

Sherman & Fletcher contended in the Court of Appeals that the constitutionality of the statute should not be considered because notice was not served upon the Attorney General as required by K.R.S. 418.075 and by C.R. 24.03.

In its reply brief filed in the Court of Appeals, Active Constructors stated:

"The constitutionality of KRS 342.690 is not the question. Rather, it is whether the Appellants' indemnity claim is barred by KRS 342.690."

And again:

"... *The constitutionality of KRS 342.-690 is not an issue before this court.*

"The appellants and the appellee do agree on one thing:

"This court should not even consider the constitutional issue...."

We decline to consider the constitutionality of K.R.S. 342.690 as it applies to Active Constructors because Active did not raise this issue in the Court of Appeals.

## THE CLAIM OF FIREMAN'S FUND INSURANCE COMPANY AGAINST SHERMAN & FLETCHER

Fireman's Fund Insurance Company was the worker's compensation carrier for Eld-

er, Inc. As such it paid benefits on account of the injury and death of David George. It seeks indemnity from Sherman & Fletcher on the ground that the negligence of Sherman & Fletcher caused it to become liable for the compensation benefits.

It claims that (1) the exclusive remedy provisions of K.R.S. 342.690(1) were never intended to abolish the common law rights of indemnity and contribution, (2) the 1972 amendments to the Act do not abolish those rights, and (3) the attempt of the General Assembly to limit liability in K.R.S. 342.690(1) violates Kentucky Constitution Sections 14, 54, and 241.

Whether or not K.R.S. 342.690(1) attempted to abolish actions for indemnity and contribution, there can be no doubt but that it sought to *limit* liability of an employer in claims for indemnity and contribution. K.R.S. 342.690(1) specifically provides that the liability of an employer to *another person who may be liable for or who has paid damages* on account of an injury or death of an employee of such employer arising out of the scope and course of employment and caused by a breach of duty or obligation owed by such employer to such other *shall be limited to the amount of compensation and other benefits for which the employer is liable under this chapter on account of such injury or death....*

■ As we have noted earlier in this opinion, Sherman & Fletcher was a contractor pursuant to the provisions of K.R.S. 342.610 and the term "employer" includes such a contractor. K.R.S. 342.690(1).

Sherman & Fletcher would have been liable for worker's compensation benefits to David George if his employer, Elder, Inc., had not secured those benefits. The cost of the benefits provided for David George by his immediate employer, Elder, Inc., were no doubt reflected in the cost of the services provided by Elder, Inc. to Sherman & Fletcher.

Because Elder, Inc. secured the worker's compensation benefits, the actual dollar amount which Sherman & Fletcher became obligated to pay as compensation benefits to David George was zero. The statute thus limits the liability of Sherman & Fletcher to zero dollars.

■ On the question of whether the purported limitation on the right to indemnity contained in K.R.S. 342.690(1) is unconstitutional when applied to a compensation carrier such as Fireman's Fund in this case, we consider our decision in *Fireman's Fund Insurance v. Government Employees Insurance Company*, Ky., 635 S.W.2d 475 (1982) controlling. With respect to an insurance carrier required by its contract to pay losses caused by the neglect of a third party, we held that the Kentucky Constitution does not prohibit legislative limitation upon the right of indemnity.

We said:

"It was not until *Kentucky Util. Co. v. Jackson County R.E. Corp.*, Ky., 438 S.W.2d 788 (1969), that the court gave any consideration to the notion that this type of indemnity claim might fall under the protection of Const. Sec. 54. The question there was whether KRS 342.-015(1), which provides that an employer liable for workmen's compensation 'shall ... be released from all other liability,' protected an employer whose primary negligence was alleged to have caused its employe's death from liability to a secondarily-negligent party which had settled the wrongful-death claim. Without deciding the constitutional question unequivocally, the court construed KRS 432.015(1) as being inapplicable, but in reaching that conclusion stated that 'the common-law right of indemnity is a jural right which existed prior to the adoption of our Constitution and may not be abolished by the General Assembly.' Assuming, however, but without so deciding, that the general theory of indemnity as grounds for a cause of action cannot be legislated away, still the specific issue in any case is whether the facts of the case would have established a cause of action under that theory at that time. Today, for example, we behold the theory of negligence having burgeoned into liabili-

ty without fault in products liability cases, but it would be absurd to contend that such liability would have been countenanced in 1891.

"The right of indemnity asserted in the Kentucky Utilities Company case was founded on facts that were strictly analogous to the situation in the Brown Hotel case. Absent the element of workmen's compensation, two parties were liable for the wrongful death, but it was the primary or active negligence of the one which had exposed the other to that liability. Whether the right of indemnity under those circumstances had developed by case-law to the point of recognition in 1891 is extremely doubtful, but we need not pursue the point here, because it is quite beyond cavil that in 1891 neither workmen's compensation nor no-fault automobile or vehicular insurance law existed. It is not possible that the kind of indemnification sought in this case could have been established as common law at the time the Constitution of this state was adopted.

"There is still another ground upon which Const. Secs. 14 and 54 cannot be applicable. Aside from the mention of defamation in Sec. 14, these constitutional provisions expressly apply only to actions for death, personal injuries, and property damage. Cf. *Kentucky Hotel v. Cinotti*, 298 Ky. 88, 182 S.W.2d 27, 29 (1944), and *Zurich Fire Ins. Co. of New York v. Weil*, Ky., 259 S.W.2d 54, 57 (1953), in both of which it is recognized that Sec. 54 refers to actions in tort. In a subrogation suit, of course, the plaintiff asserts the rights of his subrogor, but in an action for indemnity he sues in his own right, and upon a basis even more tenuous than an implied contract."

*Id.* at 477, 478.

We hold that K.R.S. 342.690(1) limits the liability of Sherman & Fletcher to another who has paid benefits on account of injury or death of an employee to the amount of compensation for which Sherman & Fletcher is liable (in this case zero), and we further hold that the statute is not unconstitutional.

## CLAIMS AGAINST OTTO THILLMAN

Otto Thillman was an employee of Sherman & Fletcher alleged to have been negligent in the supervision of the project. All claims against him were dismissed by the trial court.

■ These claims were not raised in or considered by the Court of Appeals, and, accordingly, we decline to pass upon their merits. We note in passing, however, that the exemption from liability granted to an employer by K.R.S. 342.690(1) is also extended to all employees of the employer.

The judgment is affirmed.

GANT, STEPHENSON, VANCE, AKER and WINTERSHEIMER, JJ., concur.

VANCE, J., files a separate concurring opinion in which AKER, J., joins.

LEIBSON, J., dissents by separate opinion in which STEPHENS, C.J., joins.

VANCE, Justice, concurring.

I concur with the majority opinion because it reaches a proper result as to the contesting parties. It leaves unanswered, however, the question of whether an employer is liable by way of indemnity to a subcontractor who has been held liable for the injury of an employee of another subcontractor who claims that the employer's negligence was partly or wholly responsible for the injury. It also leaves unanswered, as did our opinion in *Burrell v. Electric Plant Board*, Ky., 676 S.W.2d 231 (1984), the question of whether indemnity can be limited constitutionally to the amount of the employer's liability for worker's compensation.

When the legislature required an employer to compensate an injured employee even though the employer was wholly without fault, it also sought to immunize the employer from all further liability on account of the injury, including tort liability for negligence.

At the same time, the injured employee was allowed to pursue a tort claim against

a negligent third party. In the event of recovery by the employee against a negligent third party, the employer was allowed to recoup the amount it had paid as worker's compensation.

This scheme works well when the employer is free from negligence and a third party is wholly at fault. In many cases, however, the injury to an employee results from the concurrent negligence of an employer and a third party. In such cases the employee can recover the full amount of his damages from a third party who is the only party at fault in causing those damages. The employer, though partly at fault, can recoup all of the sums it has paid in worker's compensation. The employer, even though partially or largely at fault, escapes without any cost on account of the injury, and the third party, although only partially at fault, is stuck with the entire cost. This does not comport with the principle of basic fairness.

To escape this unfairness, the third party often seeks indemnity or contribution from the employer because he has had to pay damages caused by the negligence of the employer. The third party then runs headlong into a statute which purports to limit the liability of the employer to the third party to the amount for which the employer is liable for worker's compensation benefits.

If that statute is held unconstitutional, the employer is subject to liability in tort by way of indemnity or contribution and also liability for worker's compensation benefits. This is contrary to the intent of the legislature and also fails to comport with the principle of basic fairness.

I believe we should construe our statute to uphold its constitutionality, and at the same time, to carry out the intent of the legislature.

In *Hilen v. Hays*, Ky., 673 S.W.2d 713 (1984), we adopted the principle that in a society where damage is based upon fault, liability for damage should be measured by the degree of fault. Among those concurrently at fault, each should bear only the proportion of the loss equal to his proportion of the fault.

It seems to me the apportionment of liability in compensation cases where both the employer and a third party negligently cause the injury would accomplish the precise intent of the Worker's Compensation Act, and at the same time, end all constitutional questions concerning indemnity and contribution.

If an employee is injured by the concurrent negligence of his employer and a third party, he should be entitled to worker's compensation benefits from his employer. He should also be entitled to pursue a claim against the third party who, in turn, could implead the employer. A jury could then determine the amount of damage caused by the injury and could apportion liability between the third party and the employer.

In that manner, the third party would be held responsible only for the proportionate part of the damage caused by him. There would be no need for indemnity or contribution.

The proportionate part of the damages attributed to the employer could be deemed to be discharged by the payment of compensation benefits. This would give effect to the intent of the legislature that the liability of the employer should be limited to the amount of his liability for compensation benefits.

Instead of recouping all of his compensation benefits, the employer should recover from the third party only in proportion to the percentage of causation attributed to the third party.

Before there can be an apportionment of liability between a defendant and a third-party defendant, this Court, of course, would have to overrule *Nix v. Jordan*, Ky., 532 S.W.2d 762 (1975). This should be done in any event.

*Orr v. Coleman*, Ky., 455 S.W.2d 59 (1970) holds that liability can be apportioned between two defendants, even when one of them has settled the claim against him before trial. But *Nix v. Jordan, supra*, limits apportionment to defendants

who were defendants in the original action and does not permit apportionment between a defendant in the original suit and another defendant brought in by third-party proceedings. Such a third-party defendant is a defendant nonetheless and is answerable for the damage caused by him.

Our decision in *Hilen v. Hays, supra,* adopts the principle of liability according to fault. In *Prudential Life Insurance Company v. Moody,* Ky., 696 S.W.2d 503 (1985), we adopted the corollary that no defendant should have liability for damages in negligence cases greater than his degree of fault.

There is no longer any valid reason to refuse to allow apportionment of liability among all who are found to be at fault and thus obviate any necessity for contribution or indemnity between them.

AKER, J., joins in this concurring opinion.

LEIBSON, Justice, dissenting.

Respectfully, I dissent.

The trial court dismissed this case on summary judgment as barred by the Kentucky Worker's Compensation Act. Therefore, on review we must assume that the negligent acts charged against Sherman & Fletcher and its foreman, Otto Thillman,[1] can be proved.

This statement of facts is that Sherman & Fletcher was an owner/developer engaged in building a residential complex consisting of townhouses for its own use. Sherman & Fletcher elected not to employ a general contractor and to supervise construction. It did so negligently in that it failed to properly arrange for the bracing of a masonry wall during construction causing its collapse. Two walls had fallen previously on this same project, and Otto

Thillman, Sherman & Fletcher's foreman, had been specifically warned of the dangerous condition of the wall several hours before it collapsed killing David George, who was employed by Elder, Inc., a company who contracted with Sherman & Fletcher to perform framing work on the project.

Thus the negligence of Otto Thillman and Sherman & Fletcher as a cause of this accident, in whole or in part, must be accepted as a given. The majority opinion embraces immunity for these wrongdoers from any responsibility for the consequences of their wrongful acts. The reasoning in the opinion defies analysis. The opinion holds that Sherman & Fletcher's liability for workers' compensation benefits was zero and therefore its tort liability should be zero.

Almost forty years of cases, beginning with *Ruby Lumber Co. v. K.V. Johnson Co.,* 299 Ky. 811, 187 S.W.2d 449 (*1945*), and continuing through to *Burrell v. Electric Plant Board of the City of Franklin,* Ky., 676 S.W.2d 231 (*1984*), both cited in Appellants' Brief, are simply disregarded. At the least these cases recognize the right of a third party to seek indemnity and contribution from the employer of a person killed to the extent of the amount of the workers' compensation due and payable.[2] Surely this would include Sherman & Fletcher, even assuming it is an "up-the-ladder" employer as it erroneously contends. The majority opinion further holds that KRS 342.690(1) is not unconstitutional. No one ever said it was, except in one narrowly limited particular. This holding begs the point because it should not suffice to free either Sherman & Fletcher or Otto Thillman from liability in the present circumstances.

---

**1.** Otto Thillman is charged as a principal malefactor. He is *not* immune from liability under the Act as a "contractor" up-the-ladder from the decedent even if we extend that term to include Sherman & Fletcher. Nor is he a fellow-employee extended immunity by *Miller v. Scott,* Ky., 339 S.W.2d 941 (1960). He is extended immunity by the holding in this case without any discussion of the propriety of doing so, even

though he was named as an appellee and the case against him is argued in the appellant's brief. The case against him is neither abandoned nor unpreserved.

**2.** Again, as with the claim against Thillman, this is a claim neither abandoned nor unpreserved.

Because of the number and magnitude of the mistaken assumptions and erroneous conclusions in the majority opinion it is impossible to discuss them in a dissenting opinion of reasonable length. An outline of the major errors must suffice.

1) In *Bright v. Reynolds Metals Co.,* Ky., 490 S.W.2d 474 (1973), we emphatically held that "a 'contractor' is one who undertakes to perform work *for another,"* and that this does not include an owner/builder who elects to serve as his own principal contractor, engaging subcontractors to assist in performance of the work or the completion of the project. (Emphasis original.) An owner/builder has *not* undertaken to perform work *"for another."* Sherman & Fletcher is the owner/builder of the Wessex project, and as such is plainly included within the holding in *Bright v. Reynolds Metals Co.*

Contrary to the majority opinion, the statutory language was not reworked in 1972 to overrule *Bright.* If anything, the statutory changes effected in 1972 reinforced *Bright.* Dropping the word "principal" from the Section of the Act specifying that a "contractor" may be liable for workers' compensation, reenforces *Bright* because, if anything, an owner/builder falls more readily under the term "principal contractor" than under the term "contractor." The term "contractor" quite obviously refers to a general contractor who contracts with the owner to build the project for him.

2) Since an ordinary, garden variety owner/builder is not required by the Act to pay compensation, the next question is whether this particular owner/builder, Sherman & Fletcher, falls within some specialized extension of the normal definition of a "contractor" applicable to KRS 342.-610(2). Liability for workers' compensation is extended in that section to further include:

"A person who contracts with another ... (b) to have work performed of a kind which is a regular or recurrent part of the work of the trade, business, occupation or profession of such person...."

The majority opinion utilizes this phrase as a vehicle to extend statutory immunity, provided under KRS 342.690(1). In the past, Kentucky courts have "liberally" construed the "coverage provisions" of the Act and "narrowly" construed the "immunity provisions." *Boggs v. Blue Diamond Coal Co.,* 590 F.2d 655 (CCA 6 1979). In any usual sense, the "regular or recurrent" work of Sherman & Fletcher is managing, renting and selling real estate. This is the business from which it derives its profits. Building commercial and residential projects may or may not be incidental to that occupation. It is one of the methods Sherman & Fletcher uses to acquire property to manage, rent or sell.

Assuming it is arguable that building the Wessex project should be considered "a regular or recurrent part of the work of the trade, business, occupation or profession of" Sherman & Fletcher, it is by no means so clear as to merit summary judgment. It is at most a factual issue.

3) It is a recognized axiom of Kentucky Workers' Compensation Law that the third party tortfeasor liable to an injured employee has a claim over against the employer for contribution or indemnity which is *not* barred by the Workers Compensation Act. *Burrell v. Electric Plant Bd. of Franklin, supra.* KRS 342.690(1) means only that Kentucky utilizes the so-called "contractor under" theory, which may limit potential liability, but it does *not* abolish the liability of *any* employer (which includes a general contractor) for contribution of indemnity to a third party who is liable to the injured employee in a tort action. Active Constructors is such a third party, and it has asserted a claim for both contribution and indemnity against Sherman & Fletcher. This claim is based on alleged negligence on the part of Sherman & Fletcher and Otto Thillman. Assuming Sherman & Fletcher is entitled to the protection afforded by KRS 342.690(1) even though it is not an employer, only the most convoluted reasoning could extend Sherman & Fletcher a *greater* protection than would be available to George's employer, Elder, Inc. If Active Constructors was

making a claim over against Elder, Inc., its claim would be limited at most to the amount of workers' compensation due and payable. The majority opinion interprets the Act to give Sherman & Fletcher, a non-employer, complete immunity.

4) As the majority opinion states, Active Constructors does indeed assert that the time has come to determine the constitutionality of KRS 342.690(1) as amended in 1972 insofar as it attempts to limit the amount of a claim for indemnity against the employer. But Active does so *only* in the limited sense of whether as presently written the statute impairs the common law right of indemnity that preexisted the 1890 constitution. As stated in the majority opinion, Active relies upon Section 54 and 241 of the Kentucky Constitution for the proposition that the General Assembly has no authority to limit the right of indemnification.

The majority opinion cites *Fireman's Fund Ins. v. Gov't Employees Ins. Co.,* Ky., 635 S.W.2d 475 (1982) as "controlling" on this question. This case is cited as authority for the proposition that there was no common law right to indemnity preexisting and protected by the Kentucky Constitution. This is incorrect. It misses the distinction between the common law right of indemnity based on *negligence* which undoubtedly preexisted the Constitution, as to which *Kentucky Util. Co. v. Jackson County R.E. Coop. Corp.,* Ky., 438 S.W.2d 788 (1969) is controlling authority, and the unrelated right of indemnity by contract for *subrogation,* as to which *Fireman's Fund Ins. v. Gov't Employees Ins. Co., supra,* is indeed controlling authority.

In *Fireman's Fund Ins. v. Gov't Employees Ins. Co., supra,* an insurer who had paid no fault benefits to its injured insured sought to exercise its right of recoupment against a third party tortfeasor. Its right of subrogation was not covered by Sections 14 and 54 of the Kentucky Constitution. Reduced to essential language, all the *Fireman's Fund Ins.* case holds is that:

"It is not possible that the *kind of indemnification* sought in this case could have been established at common law at the time the Constitution of this state was adopted." (Emphasis added.) 635 S.W.2d at 477.

On the other hand, in *Burrell v. Electric Plant Board, supra,* when referring to the indemnification between a third party tortfeasor and an employer, which is the kind of indemnity based on negligence with which we are presently confronted, we stated:

"Indemnity here, if it can be proved, has nothing to do with subrogation to a nonexistent claim, but derives from common law principles of indemnity from active wrongdoer to a passive wrongdoer, indemnity as defined at length in *Brown Hotel Co. v. Pittsburgh Fuel Co.,* 311 Ky. 396, 224 S.W.2d 165 (1949)." 676 S.W.2d at 236.

*Kentucky Utilities Co. v. Jackson County, supra,* which held unconstitutional that portion of former KRS 342.690 abolishing the common law duty of indemnity for negligence owed by the employer to the third party tortfeasor was undoubtedly a proper application of Sections 54 and 241 of the Constitution. *Louisville Gas & Electric Co. v. Koenig,* Ky., 438 S.W.2d 791 (1968) is to the same effect. Such well-reasoned, longstanding authority as these two cases should not be shunted aside in a perfunctory manner. It is beyond cavil that our constitutional forebearers were seeking to preserve as a constitutional right the concept of liability based on negligence. Those who would destroy that right should be required to do so by constitutional change.

If there is a constitutionally acceptable limitation on the right of either indemnity or contribution imposed by KRS 342.690(1) in its present form, it is a grant of immunity against the subrogation claim of the appellant, Fireman's Fund Ins. Co. It should not extend to Active Constructors, which states a cause of action in negligence against Sherman & Fletcher.

5) Certainly the 1972 rewording of KRS 342.690(1) does *not* expand on previous employer's immunity from third party claims. On the contrary, the grant of immunity in the new statute is *more* restrictive than in its predecessor. When Active Constructors suggests that the "time has come" to decide whether the limited immunity from third party liability for the employer in the new statute is more acceptable, constitutionally, than the unlimited immunity in the old statute which was held unconstitutional, it could not have anticipated that we would seize the occasion to throw out such protection of its right to indemnity and contribution as is afforded by the statute.

6) As to the claim asserted by the Estate of David George against Sherman & Fletcher, if they have any immunity from this claim it is reciprocal to the "up-the-ladder" liability for workers' compensation imposed on a contractor by KRS 342.700(2), which provides:

"A principal contractor, intermediate or subcontractor shall be liable for compensation to any employee injured while in the employ of any one (1) of his intermediate or subcontractors and engaged upon the subject matter of the contract, to the same extent as the immediate employer."

This section retains the use of the term "principal contractor" which was expressly held in *Bright v. Reynolds Metals Co., supra,* to exclude an owner/builder. Thus Sherman & Fletcher had no liability for workers' compensation to George's Estate, and no reciprocal immunity.

In *Ruby Lumber Co. v. K.V. Johnson Co., supra* we stated:

"While we are under the duty of giving a liberal construction to the Act for the benefit of employees, we are not called upon to give the Act such a strained construction as would relieve an admitted tort feasor of liability for injury.... Repeals by implication are not favored

and never declared unless clearly made to appear." 187 S.W.2d at 453.

Our present decision repealed the cause of action on behalf of George's Estate against Sherman & Fletcher for negligently causing his death. It does so by implication, because there is no language in the Act that calls for this result. When KRS 342.610 was amended after *Bright v. Reynolds Metals Co., supra,* the word owner, or owner/builder, or owner/developer, was not included in the classification of those who would owe workers' compensation or were granted immunity. As stated in the Appellants' Brief, if the General Assembly intended to overrule *Bright,* it "certainly went at it in a strange way."

Recently in *M.J. Daly Co. v. Varney,* Ky., 695 S.W.2d 400 (1985), we continued our historically conservative approach in interpreting the limitations on tort liability imposed by the Act on the injured employee. We refused to extend the Act by implication to repeal the right of an employee furnished by a labor services company to sue in tort the company where he was assigned to work. We continued the humanitarian concern for the rights of the victim expressed in *Ruby Lumber Co. v. K.V. Johnson, supra.* It appears that we are now prepared to abandon it. I dissent.

### COMMENTS ON JUSTICE VANCE'S CONCURRING OPINION

The unfairness inherent in the apportionment scheme advocated in the Concurring Opinion by Justice Vance will be evident to every lawyer who has ever tried a tort case involving an employee injured on the job who sued a negligent third party or products manufacturer for causing the injury.

The difficulty can be summed up in one sentence: There is no justice in a rule of apportionment between a negligent defendant and an empty chair. If this court should substitute apportionment for indemnity and contribution, the employer[3] would have no stake in defending the defendant's

---

**3.** "Employer" includes a contractor who is made a statutory employer by the "contractor under" theory in the Workers' Compensation Act.

third party complaint charging that the employer, rather than the defendant, is responsible for the employee's injury. Since the employer is granted immunity from liability by the Workers' Compensation Act, there would be no incentive for the employer to spend money or effort to prove his innocence. The apportionment against him would have no financial consequences.

This scenario would almost guarantee that the negligent defendant or products manufacturer would succeed in assigning to the immune employer a disproportionate share of liability, at the injured employee's expense.

There are sound legal reasons why the common law developed and maintains the rule providing for joint and several liability of defendants responsible for a single indivisible harm. These reasons are discussed in my Dissenting Opinions in *Prudential Life Ins. Co. v. Moody*, Ky., 696 S.W.2d 503 (1985) and *Burke Enterprises, Inc. v. Mitchell*, Ky., 700 S.W.2d 789 (1985). The members of this court, the bench and bar, and the General Assembly should give careful consideration to these reasons before they abandon longstanding common law principles which have so long served the interest of justice.

The Concurring Opinion in this case urges us "to overrule *Nix v. Jordan*, Ky., 532 S.W.2d 762 (1975)," which rejected extending the rule of apportioning of liability to a defendant's claim over against a third party defendant, for good and sufficient reasons. To do so would be a harsh and unprecedented decision. To do so in present circumstances, that is, where an employee has sued a third party for negligence and the defendant has made a claim over against the employer for indemnity or contribution, by rights would require the General Assembly to amend the Workers' Compensation Law.

This apportionment issue has not been raised by the appellees in this case. This would be a drastic change which should not be considered by our court in any case

where it has not been thoroughly briefed and argued.

STEPHENS, C.J., joins in this dissent.