**Eli N. GRANUS and Gloria M. Granus, Plaintiffs-Appellants, Cross-Appellees,**

v.

**NORTH AMERICAN PHILIPS LIGHTING CORPORATION, Defendant-Appellee, Cross-Appellant.**

Nos. 86–5010, 86–5011.

United States Court of Appeals, Sixth Circuit.

Argued Feb. 13, 1987.

Decided June 30, 1987.

William J. Gallion, argued, Gallion, Edelman, Baker, Bray, Lexington, Ky., for plaintiffs-appellants, cross-appellees.

Robert C. Ewald, argued, Wyatt, Tarrant and Combs, Louisville, Ky., James D. Ishmael, Jr., Wyatt, Tarrant and Combs, Lexington, Ky., for defendant-appellee, cross-appellant.

Before MARTIN, NELSON and BOGGS, Circuit Judges.

PER CURIAM.

This is a personal injury action brought in a federal district court on diversity of citizenship grounds by a workman who was injured in a fall at a manufacturing plant owned by Defendant North American Philips Lighting Corporation. The main question presented in the appeal is whether the Kentucky workers' compensation statute insulates Defendant Philips from common law tort liability. The district court answered that question—correctly, we believe—in the affirmative. A subsidiary question is whether the district court abused its discretion in permitting the defendant to set up its workers' compensation act defense by an amendment to the answer filed only a few days before the start of trial. We find no abuse of discretion. Accordingly, we shall affirm the judgment entered by the trial court on a directed verdict in favor of the defendant.

The injuries out of which this action arose were sustained on December 20, 1983, when Plaintiff Eli Granus, a brick mason, fell down a flight of steps while working at a factory owned by Philips in Danville, Kentucky. At the time of the accident Granus was an employee of Corning Glass Works. Corning had formerly owned the Danville plant, but had recently sold it to Philips. The contract of sale

obligated Corning to refurbish and upgrade a glass-melting installation, or "tank," at the plant. This project entailed relining the tank's furnace with refractory brick; Mr. Granus' task was to operate the saw that cut the firebricks with which the furnace was being relined. The evidence established that furnaces at glass factories are rebricked periodically as a matter of maintenance routine. Mr. Granus himself had participated in the rebricking of this particular tank furnace in 1979, when the factory was still owned by Corning.

Mr. Granus and his wife commenced their action against Philips by the filing of a complaint on December 19, 1984. Philips' answer, filed in January of 1985, did not plead that the action was barred by the Kentucky workers' compensation statute. In July of 1985, two months after a substitution of counsel for Philips, the district court set a trial date of November 21, 1985. Four days before a pretrial conference scheduled for November 8, 1985, Philips filed a motion to dismiss the action on the basis of Kentucky's "borrowed servant" doctrine. The brief accompanying the motion also suggested, for the first time, that the workers' compensation statute gave Philips an additional defense. The motion was discussed at the pretrial conference, and over the plaintiffs' objection the district court permitted Philips to amend its answer to include additional affirmative defenses.

Philips promptly amended its answer to assert, as one of several new defenses, an affirmative defense based on § 342.-610(2)(b) of the Kentucky Revised Statutes. The effect of that provision, a section of the Commonwealth's workers' compensation law, is to insulate from tort liability a "contractor" (allegedly Philips) that "contracts with another" (allegedly Corning) "to have work performed of a kind which is a regular or recurrent part of the work of the trade, business, occupation or profession of such person (*i.e.,* Philips)...." The new pleading averred:

"That the claims and complaint of the Plaintiff should be dismissed because of the exclusive remedy available to the Plaintiff pursuant to KRS 342.690 and upon the grounds that the Defendant is a contractor who subcontracted all or part of a contract for the refurbishing of the tank in question, which renders the Defendant and his carrier liable for the payment of compensation to the Plaintiff as an employee of the subcontractor, i.e., Corning Glass Works, inasmuch as this is work performed of a kind which is a regular or recurrent part of the work of the trade, business, occupation or profession of the Defendant in the refurbishing of the tank in question, which is a complete bar to the claims asserted herein by the Plaintiff against the Defendant. KRS 342.610(2)(b)."

This defense was asserted even though counsel for Philips, in advancing its borrowed servant theory, had stated at the pretrial conference that Corning had not acted as an independent contractor in refurbishing the tank.

On November 22, 1985, after two days of trial, the district court granted defendant Philips a directed verdict at the close of the plaintiffs' evidence. The district court ruled that under K.R.S. § 342.610(2)(b) Philips could not be liable for anything other than workers' compensation benefits, and would only have been liable for such benefits had Corning failed to see that they were paid. From that adverse judgment Mr. and Mrs. Granus appeal.[1]

\* \* \* \* \* \*

Appellants argue that we ought not reach the statutory issue because Philips ought not have been permitted to amend its answer to raise that issue. However, Rule 15(a) of the Federal Rules of Civil Proce-

---

1. The district court indicated that it would not have directed a verdict but for the workers' compensation statute. Defendant Philips had urged that the plaintiffs failed to make out a jury case on the claim that Philips had violated its duty to maintain the premises in a reasonably safe condition, but the trial court disagreed. Philips took a protective cross-appeal on that issue, but our disposition of the appeal makes it unnecessary for us to decide whether Philips would have been entitled to a directed verdict even without the Workers' Compensation Act.

dure says that leave to amend "shall be freely given when justice so requires." Rule 15 reinforces the principle that cases should be tried on their merits rather than on the technicalities of pleadings. *Tefft v. Seward,* 689 F.2d 637, 639 (6th Cir.1982). We review trial courts' dispositions of motions to amend only for abuse of discretion, *id.,* and given the purpose of Rule 15(a), we are reluctant to find reversible error where an amendment has been found meritorious and its late filing has not prejudiced the opposing party.

■ A finding of abuse of discretion would be particularly difficult to make here in view of the speed with which this action moved to trial. The K.R.S. § 342.610(2) "contractor" defense was raised within 11 months of the initiation of the action, and that time frame included a substitution of defense counsel. If no abuse of discretion could be discovered in the district court's grant of leave to amend in *Estes v. Kentucky Utility Company,* 636 F.2d 1131 (6th Cir.1980), where the defendant waited some 41 months to assert a statutory workers' compensation defense, the district court's action does not appear inappropriate here.

The plaintiffs might have been prejudiced if they had been denied time needed for preparing to meet the defense, but at no point subsequent to the amendment—which was filed on November 12, some nine days before the trial began—did the plaintiffs request a continuance; and this despite the fact that the district court had said at the pretrial conference that it was prepared to grant the plaintiffs additional time if they wanted it.

■ The only argument of prejudice advanced by the plaintiffs at the pretrial was that they had spent much time and money in pretrial discovery. This was no reason for the district court to have denied the amendment, however; had the cost of completed discovery been a problem, the remedy would have been for the district court to condition amendment of the answer on the defendant's paying some portion of the plaintiffs' discovery costs. *Estes,* 636 F.2d at 1134. We are not convinced that such a

problem existed, but the question is academic; the plaintiffs requested no such condition.

The plaintiffs assert more strenuously that because, in the course of his argument at the pretrial on the borrowed servant defense, counsel for Philips had said that Corning was not an "independent contractor," Philips was precluded from raising the workers' compensation defense thereafter. Assuming some inconsistency between counsel's oral statement at the pretrial and the written answer filed four days later, we see no prejudice sufficient to require a reversal of the district court's judgment.

The brief filed by the defendant prior to the pretrial specifically said that "Mr. Granus' exclusive remedy lies with the Worker's [sic] Compensation Act." The district court asked, at the pretrial, whether the exclusivity of the workers' compensation remedy had been raised in the defendant's original answer; and on being told it had not been, the court allowed five days for the defendant to amend its answer. Whatever the implications of the statement made by Philips in the context of its borrowed servant defense that Corning was not an "independent contractor," plaintiffs were on notice that another, perhaps inconsistent, defense would be raised by amendment to the answer in the near future.

Nothing prevents a party from asserting inconsistent defenses, Rule 8(e)(2), Fed.R. Civ.P., and we are not willing to hold that an oral argument offered at pretrial in support of one defense barred the defendant from asserting a possibly inconsistent defense that the trial court had given the defendant permission to raise after the pretrial.

\*     \*     \*     \*     \*     \*

■ The plaintiffs' lawsuit is barred, as the district court concluded, because of the operation of Kentucky's Workers' Compensation Act, K.R.S. Chapter 342. K.R.S. § 342.690(1) says that if an employer secures payment of workers' compensation under Chapter 342, "the liability of such employer under this chapter shall be exclu-

sive and in the place of all other liability of such employer.... For purposes of this section, the term 'employer' shall include a 'contractor' covered by subsection (2) of KRS 342.610, whether or not the subcontractor has in fact, secured the payment of compensation." Philips was such a "contractor" under K.R.S. § 342.610(2). That section provides, in pertinent part, that:

"A contractor who subcontracts all or any part of a contract and his carrier shall be liable for the payment of compensation to the employees of the subcontractor unless the subcontractor primarily liable for the payment of such compensation has secured the payment of compensation as provided for in this chapter.... A person who contracts with another ... (b) to have work performed of a kind which is a regular or recurrent part of the work of the trade, business, occupation or profession of such person, shall for the purposes of this section be deemed a contractor, and such other person a subcontractor. This subsection shall not apply to the owner or lessee of land principally used for agriculture." K.R.S. § 342.610(2).

This provision protects the employee of a subcontractor by extending beyond the worker's immediate employer the obligation to assume workers' compensation liability. "The purpose of the provision of K.R.S. 342.610 that a contractor is liable for compensation benefits to an employee [of] a subcontractor who does not secure compensation benefits is to prevent subcontracting to irresponsible people." *Fireman's Fund Insurance v. Sherman & Fletcher*, 705 S.W.2d 459, 461 (Ky.1986). If a defendant qualifies as a "contractor," by the same token, "it has no liability in tort to an injured employee of a subcontractor." *Id.*

It is undisputed that Philips contracted with Corning to rebrick the tank furnace, and it is undisputed that firebricks must be replaced periodically as an ordinary part of plant maintenance. When Philips contracted with Corning for the renovation of the furnace, therefore, it was contracting to "have work performed of a kind which is a regular or recurrent part" of Philips's business. K.R.S. § 342.610(2). Philips was thus a "contractor" under the statute, and Mr. and Mrs. Granus's tort action was barred.

The validity of this conclusion is confirmed by *Fireman's Fund Insurance v. Sherman & Fletcher*, 705 S.W.2d 459 (Ky. 1986). There the Kentucky Supreme Court was asked whether the workers' compensation statute precluded a wrongful death suit brought on behalf of an employee of a subcontractor against the owners of a residential townhouse complex. The employee was killed when a concrete block wall collapsed during construction at the building site, and the complaint charged that the defendants, who had acted as the general contractor for the project, had negligently supervised construction. Applying K.R.S. § 342.610(2) and § 342.690(1), the Kentucky court held that the defendants were not liable.

The *Fireman's Fund* subcontractor, the direct employer of the decedent, had agreed to perform the rough framing carpentry for the building project. It was undisputed that such work is "a regular or recurrent part of the defendants' business of building construction. That the defendants did not ordinarily do the rough carpentry, but usually subcontracted that work to others, was seen as "a distinction ... of no significance," given the operation of the statutes. 705 S.W.2d at 461. Similarly, the question of whether the contractor did the work "for himself" or "for another"—a factor that previously had been considered determinative (*e.g.*, *Bright v. Reynolds Metals Co.*, 490 S.W.2d 474 (Ky.1973))— was no longer a relevant factor because of an intervening change in the language of K.R.S. § 342.610(2). 705 S.W.2d at 461–62.

*Fireman's Fund* construed the present statutory language

"... to mean that a person who engages another to perform a part of the work which is a recurrent part of his business, trade, or occupation is a contractor. Even though he may never perform that particular job with his own employees, he is still a contractor if the job is one that

is usually a regular or recurrent part of his trade or occupation. The business or occupation of [defendants] was building construction, and rough carpentry is work of a kind which is a regular or recurrent part of the work of the business of building construction." 705 S.W.2d at 462.

The relining of furnaces, required periodically as a matter of regular maintenance, is likewise a "recurrent" part of the manufacturing business in which defendant Philips is engaged. Philips, as contractor, would therefore be liable for workers' compensation benefits to Mr. Granus if Corning had not secured those benefits. "That potential liability for workers' compensation benefits relieves [the defendant] from tort liability. K.R.S. 342.690." *Fireman's Fund*, 705 S.W.2d at 462.

The judgment of the district court is AFFIRMED.