25 F.3d 1050
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Samuel TURNER, Plaintiff-Appellant,
Pacific Employers Insurance Company, Intervening Plaintiff-Appellant,
v.
INTERNATIONAL BUSINESS MACHINES CORPORATION, INC.;
Schneider Tank Lines, Inc.; Safety-Kleen
Corporation, Defendants-Appellees,
C.T. Corporation Systems, Defendant.
 No. 93-6349.
 United States Court of Appeals, Sixth Circuit.
 May 11, 1994.
 
 Before: NORRIS and DAUGHTREY, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 Samuel Turner and Pacific Employers Insurance Company appeal a district court grant of summary judgment for defendants in this personal injury action filed under diversity of citizenship jurisdiction. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Turner filed his complaint in the district court alleging that he was injured when hazardous waste materials spilled in the back of a truck he drove in his employment for Schneider Tank Lines, Inc. Turner named only International Business Machines Corporation, Inc. (I.B.M.) as defendant and alleged that I.B.M. employees negligently packaged and loaded the hazardous materials onto the truck at its Endicott, New York, plant. Thereafter, I.B.M. filed a third-party complaint against Turner's employer, Schneider Tank Lines, Inc., and the company to whom Turner was to deliver the hazardous waste materials, Safety-Kleen, Inc. Also, Pacific Employers Insurance Company was granted leave to intervene as plaintiff to recover amounts it paid to Turner as workers' compensation benefits as a result of his injuries.
 
 
 3
 Ultimately, I.B.M. moved the court for summary judgment on the ground that all claims asserted were barred by virtue of immunity from common law tort liability granted under the Kentucky workers' compensation act. Plaintiff Turner and intervening plaintiff Pacific Employers Insurance Company responded in opposition, and further pleadings regarding the motion for summary judgment were filed. The district court granted I.B.M.'s motion for summary judgment. Thereafter, a timely Fed.R.Civ.P. 59 motion to vacate judgment was denied.
 
 
 4
 A grant of summary judgment will be reviewed de novo on appeal using the same test employed by the district court. Brooks v. American Broadcasting Cos., 932 F.2d 495, 500 (6th Cir.1991). Generally, summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to [a] judgment as a matter of law." Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988) (quoting Fed.R.Civ.P. 56(c)). Only factual disputes which may have an effect on the outcome of a lawsuit under substantive law are "material." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). To be "genuine," a dispute must involve evidence upon which a jury could find for the nonmoving party. Id. The burden is upon the moving party to show that "there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).
 
 
 5
 Upon consideration, the judgment is affirmed for the reasons stated by the district court in its memorandum entered August 13, 1993, and in its order entered September 17, 1993, denying plaintiffs' motion to vacate judgment. Kentucky law provides I.B.M. immunity from common law tort liability concomitant with its workers' compensation liability under the circumstances of this case. See Fireman's Fund Ins. Co. v. Sherman & Fletcher, 705 S.W.2d 459, 461-62 (Ky.1986); Granus v. North Am. Philips Lighting Corp., 821 F.2d 1253, 1255, 1256-58 (6th Cir.1987) (per curiam).
 
 
 6
 Accordingly, the judgment of the district court is affirmed.