NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 05a0403n.06
Filed: May 16, 2005

No. 04-5493

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| CHARLES A. LOCK, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| SAFECO INSURANCE COMPANY, | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| Intervening Plaintiff-Appellant, | ) | WESTERN DISTRICT OF KENTUCKY |
| | ) | AT BOWLING GREEN |
| v. | ) | |
| | ) | |
| UTICON, INC.; WOERHEIDE | ) | |
| ENTERPRISES, INC.; DAVE TURNER | ) | |
| | ) | |
| Defendants-Appellees, | ) | |
| | ) | |
| JAVIER STEEL CORPORATION, | ) | |
| | ) | |
| Third-Party Defendant-Appellee. | ) | |

Before: BOGGS, Chief Judge; COOK, Circuit Judge; and BEER, District Judge.[*]

BEER, District Judge. Charles Lock appeals the district court's grant of summary judgment dismissing his tort claims as barred by Kentucky's Workers' Compensation Act, K.R.S. Chapter 342. For the following reasons, we affirm the district court's decision.

I

---

[*]The Honorable Peter H. Beer, United States District Judge for the Eastern District of Louisiana, sitting by designation.

In February of 1999, Uticon, Inc. (Uticon) was awarded a bid from the Kentucky Department of Transportation (KYDOT) to build a bridge and related structures on Kentucky Highway 101 in Edmonson County, Kentucky. Uticon entered into a subcontract with Javier Steel Corporation (Javier Steel) to supply and install all of the steel work on the bridge. The steel work included welding L-shaped steel support angles to steel inserts in the pre-cast concrete support beams of the bridge. Corrugated steel decking, known as stay-in-place (SIP) decking, was then fastened to the support angles to form a solid decking upon which concrete would be poured to make the bridge surface. Uticon installed fall safety lines (lifelines) along the bridge so workers and inspectors could "tie off" to limit the fall distance should they fall from the bridge beams.

Lock was employed by Javier Steel as a welder who was welding support angles. Under the subcontract, Javier Steel was responsible for providing workers' compensation benefits for all of its employees. Javier Steel ordered the steel, including the support angles and the SIP decking, from its steel supplier, Topikal d/b/a/ Woerheide Enterprises (Topikal). Before completing the installation of the support angles and the steel decking, one of Javier Steel's employees, Joe Deck, noticed possible cracking in the support angles. Deck was concerned that the angles could possibly break under the heavy weight of the concrete poured on the decking to form the roadway.

Officials from KYDOT, Uticon, Javier Steel, and Topikal met and agreed that Topikal would replace the steel angles. Topikal agreed to pay Javier Steel for the cost of replacing the affected support angles, including the material, labor, insurance, and taxes. Javier Steel began replacement

of the support angles, which required taking up sections of the SIP decking, removing the old angles, welding on new angles and replacing the decking.

Javier Steel notified Uticon that it did not feel that the safety lines that had previously been removed needed to be reinstalled because the employees would be working on solid decking. On April 6, 2000, Lock fell 40 feet from the bridge into the creek bed below when he stepped in a hole in the SIP decking. He sustained serious injuries. Lock brought an action against Uticon and Topikal. Javier Steel was made a third-party defendant. Safeco Insurance Company, Javier Steel's insurance carrier, was an intervening plaintiff.

Uticon filed a motion for summary judgment, asserting that Kentucky Workers' Compensation Act, K.R.S. Chapter 342, bars Lock's action against Uticon and Topikal. Lock opposed the motion claiming that Javier Steel was not working under its contract with Uticon, but rather under a warranty or remediation contract with its vendor, Topikal. Lock claims he fell and was injured because Uticon did not provide a fall safety system for which it was contractually obligated under its contract with KYDOT. Thus, Lock alleged that Uticon was not protected from liability by the workers' compensation provisions.

The district court granted Uticon's motion for summary judgment, concluding that Lock was working for Javier Steel at the time of the accident, and, therefore, Uticon, as contractor, was immune from tort liability under the exclusive remedy provision of the Workers' Compensation Act. Lock appeals this decision.

II

We review a grant of summary judgement de novo, applying the same standard of Fed. R. Civ. P. 56 (c) used by the district court. *Williams v. Mehra,* 186 F.3d 685, 689 (6th Cir. 1999) (en banc).

III

The district court concluded that Lock's lawsuit is barred because of the operation of Kentucky's Workers' Compensation Act, K.R.S. Chapter 342. K.R.S. § 342.690(1) provides that if an employer secures payment of workers' compensation under Chapter 342, "the liability of such employer . . . shall be exclusive and in the [sic] place of all other liability of such employer . . . . For purposes of this section, the term 'employer' shall include a 'contractor' covered by subsection (2) of K.R.S. 342.610, whether or not the subcontractor has in fact, secured the payment of compensation." *See Granus v. North American Philips Lighting Corp.,* 821 F.2d 1253, 1256-57 (6th Cir. 1987) (quoting K.R.S. § 342.690(1)).

The statute "was enacted to discourage owners and contractors from hiring financially irresponsible subcontractors and thus eliminate workmen's compensation liability." *Tom Ballard Co. v. Blevins*, 614 S.W.2d 247, 249 (Ky. Ct. App. 1980). "If a defendant qualifies as a contractor, by the same token, 'it has no liability in tort to an injured employee of a subcontractor.'" *Granus*, 821 F.2d 1257 (quoting *Fireman's Fund Ins. v. Sherman & Fletcher*, 705 S.W.2d 459, 461 (Ky. 1986)).

Appellant, Lock, seeks to convince this Court that he was working for Topikal at the time of his injury, and thus, he may sue Uticon for failure to provide a fall safety system for the bridge. We do not agree. Uticon, as general contractor, contracted with KYDOT to furnish a completed project to the state, and subcontracted with Javier Steel to provide the materials and labor to build the steel frame for the bridge. Javier simply bought the steel from Topikal. Topikal had no authority, as the material supplier, to hire a welder to replace the angle irons on the bridge. Uticon was the only entity with that authority.

As well, it is undisputed that a contractor- subcontractor relationship existed between Uticon and Javier Steel. Moreover, installing steel angles and SIP decking is certainly an integral part of building bridges. As such, Lock's exclusive remedy against Uticon is under the Kentucky Workers' Compensation Act.

IV

For the foregoing reasons, we **AFFIRM** the decision of the District Court.